JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESTHER HWANG,

       Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; NELSON ARTIGA, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,

       Defendants.

Case No. C 07 2718 WDB

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.
JURY TRIAL DEMANDED

INTRODUCTION

On the night of May 12, 2007, Plaintiff ESTHER HWANG, formerly Miss Korea San Francisco, Miss Asian America, and Miss Greater San Francisco, a former secretary to former San Francisco mayor Willie Brown, and currently a professional model set to graduate from law school in June 2007, was abused and battered by SAN FRANCISCO police officers in North Beach outside of

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

a nightclub after she attempted to make casual conversation with one of the Defendant Officers. Defendant Officer SERNA, who reportedly has been on Defendant CITY AND COUNTY OF SAN FRANCISCO Police Department's internal watch list nine times for his abnormally high number of reported uses of force, without justification twisted Plainitiff HWANG's arm behind her back and yanked Plaintiff to the ground by Plaintiff's hair. Plaintiff had done nothing to provoke any use of force or an arrest. Defendant Officers SERNA and ARTIGA instigated the malicious and baseless use of force and wrongful arrest of Plaintiff. Unknown Defendant Officers DOES stood by in obvious discomfort while Defendant Officers SERNA and ARTIGA yelled at Plaintiff and revealed their misogyny by calling her a "fucking cunt." The unknown Defendant Officers DOES stood by and failed to intervene in Defendant Officers SERNA's and ARTIGA's intolerable abuse of Plaintiff. Defendant Officers later lied by claiming in their police reports that Plaintiff was drunk in public. In fact, Defendant Officers were well aware at the time of the arrest that Plaintiff presented no objective signs of being under the influence.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, ESTHER HWANG ("HWANG"), is and was at all times herein mentioned readily recognizable as an Asian-American woman and she is a citizen of the United States residing in the City and County of San Francisco in California.

3. Defendant City and County of San Francisco ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Francisco Police Department.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 2

4.      At all times mentioned herein, Defendant HEATHER FONG ("FONG") was employed by Defendant CITY as Chief of Police for Defendant CITY. She is being sued in her official capacity as Chief of Police for Defendant CITY.

5.      At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

6.      At all times mentioned herein, Defendant NELSON ARTIGA ("ARTIGA") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

7.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

8.      In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

9.      Plaintiff will amend her Complaint to state California-based causes of action after complying with administrative claim requirements.

## STATEMENT OF FACTS

10.     On the evening of May 12, 2007, Plaintiff ESTHER HWANG and her boyfriend celebrated Mother's Day and Plaintiff HWANG's sister-in-law's birthday by having a family dinner at the House of Prime Rib on Van Ness Avenue in San Francisco. Plaintiff HWANG, who has no previous criminal history, is currently a law student at San Francisco Law School who will graduate in June 2007. Plaintiff HWANG has worked her way through law school by modeling in her spare

time. Plaintiff HWANG became well-known in San Francisco when she was a secretary to former mayor Willie Brown and was named Miss Asian-America in 1997. Since then, Plaintiff HWANG has also worked as a spokesmodel and assisted numerous organizations in the Bay Area, including the San Francisco Police Officers' Association, with public and private fundraising events.

11. Following dinner on May 12, Plaintiff and her boyfriend, Nathan Flores, also a student at San Francisco Law School, went out to a nightclub in the North Beach area of San Francisco. The club they decided to attend, "Dolce", located at 440 Broadway, between Kearny and Montgomery Streets, requires a selective dress-code. Plaintiff HWANG and Mr. Flores were dressed accordingly. Plaintiff HWANG wore a short-cut dress and a fur coat. She also wore a string-pearl necklace.

12. Plaintiff HWANG and Mr. Flores arrived at Dolce at around 10:00 p.m. Plaintiff HWANG and Mr. Flores checked their coats upon entry. Plaintiff HWANG and Mr. Flores were in Dolce for approximately half an hour. It was early and there were not many people at Dolce, so Plaintiff and Mr. Flores decided to leave and possibly go to a nightclub located across the street from Dolce, the "Zebra Lounge." Plaintiff HWANG checked with the security doorman at Dolce to make sure that they could leave their coats at Dolce while they went to the Zebra Lounge. It was no problem for the couple to leave their coats temporarily at Dolce. The couple did not expect to be out late that night.

13. Once the couple stepped outside of Dolce, Plaintiff HWANG asked Mr. Flores for some of her cash, which Mr. Flores carried since Plaintiff did not have her purse, to buy a pack of cigarettes from Broadway Liquors, which is located at 460 Broadway, two doors down from Dolce. Plaintiff took some of her cash from her boyfriend's hand and went into Broadway Liquors where she purchased a pack of light menthol cigarettes from an older gentleman who was at the cash register of Broadway Liquors. Mr. Flores waited outside on the sidewalk for Plaintiff HWANG. Mr. Flores noticed several uniformed San Francisco police officers standing nearby and had a brief casual conversation with one of the police officers.

14. Plaintiff HWANG returned from the liquor store with her purchased cigarettes. The couple decided that they should get their checked coats, since they would be leaving shortly. Plaintiff HWANG intended only to say hello to a person she knew who worked at Zebra Lounge before going

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 4

home. Mr. Flores went back into Dolce to pick up the two coats from the coat check. Plaintiff HWANG stood near the group of officers, who were standing around to her left. She lit her cigarette and attempted to make casual conversation with one of the officers she noticed, later identified as Defendant Officer SERNA. She did not attempt to jaywalk, nor was she physically assaultive to anyone.

15. Plaintiff HWANG's attempt at conversation, along with her attempt to smoke her cigarette, were interrupted by the sudden action of Defendant Officer SERNA who, without any rational reason, grabbed Plaintiff HWANG's left arm and forcefully twisted it behind her. Defendant Officer ARTIGA grabbed Plaintiff by the left arm and twisted that arm behind her back. The two officers pressed Plaintiff HWANG from behind and forced her head down. Plaintiff was unaware of why she was being manhandled and feared for her safety. Plaintiff HWANG reacted instinctively and stomped her heel on one of the officer's feet.

16. Defendant Officer SERNA aggressively yanked Plaintiff by the hair at the base of her neck and pulled her down to the ground backward so that Plaintiff, who is 5'8" and 125 pounds, landed directly on her back on the ground. Defendant Officer SERNA stood over Plaintiff HWANG, with his face directly over Plaintiff's face. Without reason, Defendant Officer SERNA called Plaintiff HWANG a "fucking cunt."

17. Mr. Flores, who was returning with the coats, saw the commotion where he had left Plaintiff HWANG. He approached and saw several unknown Defendant Officer DOES standing around in obvious discomfort. He saw two police officers by Plaintiff HWANG, who was on her back on the ground and saying "I want to get up." Defendant Officer ARTIGA repeated Defendant Officer SERNA's slur and called Plaintiff HWANG a "stupid fucking cunt" in her face, in Mr. Flores' presence.

18. Plaintiff HWANG was handcuffed on the ground, with a lower button on her skirt torn off, for a substantial amount of time. Her clothing was in a state of disarray after the use of force against her, leaving her breasts partially exposed. Defendant Officer ARTIGA continued to taunt Plaintiff. He claimed to recognize her. Mr. Flores asked the officers if he could give Plaintiff her coat, but one of the defendant officers told him Plaintiff could not wear a fur coat to jail. Defendant

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 5

Officer SERNA was hostile to Mr. Flores and attempted to intimidate him. After Mr. Flores provided Plaintiff's identification to the officers, one of the defendant officers called out Plaintiff HWANG's name as if he were familiar with her.

19. Defendant Officers allowed Mr. Flores to remove Plaintiff's pearl necklace which was bent during the incident. Defendant Officer SERNA told Mr. Flores that he should let Plaintiff HWANG "rot in jail," and that the officers should just cut off Plaintiff HWANG's necklace.

20. Defendant Officer SERNA continued his tactics of intimidation and demanded Mr. Flores' identification. Mr. Flores, in frustration, asked why the officers needed his identification. Defendant Officer SERNA responded condescendingly that it was needed because he was retrieving property from Plaintiff HWANG. Mr. Flores provided his identification and let Defendant Officer SERNA know that his attitude was beyond the pale. Mr. Flores mentioned that he had gone to law school and knew what his rights were. Defendant Officer SERNA insulted Mr. Flores and told him that he should get his money back from the law school

21. Plaintiff suffered back pain from the moment she hit the ground after Defendant Officer SERNA pulled her hair. She was eventually transported from the scene in a police wagon to Central station where Defendant Officer ARTIGA took her Spiga heels, purportedly for "evidence." Officers at the station made disturbing comments to Plaintiff including comments such as "this is the real world" and "we will take you down."

22. Plaintiff HWANG has suffered from anxiety attacks and takes medication for the condition. At Central Station, before she passed out, Plaintiff HWANG experienced hyperventilation and repeatedly requested her medication, but no assistance was forthcoming. Instead, Plaintiff heard a lot of catcalls from male police officers and someone calling her "a wild one." Plaintiff was shaking when she awoke after the anxiety attack. Plaintiff awoke to one male officer hitting her on the head and holding her from around the neck.

23. Several male officers at Central Station picked Plaintiff up and carried her out to the police wagon. One of the male officers had his hand inside of Plaintiff's skirt and fondled her buttocks. The officers made rude and sexually inappropriate comments as they carried her to the police wagon.

24. Plaintiff was then transported to 850 Bryant Street, where she faced three female police officers. Initially, the female police officers were confrontational with Plaintiff. After a short time of accusing Plaintiff of criminal behavior, one of the female officers recognized that Plaintiff was suffering an anxiety attack and refused to accept her into custody at 850 Bryant due to her medical condition. Defendant Officer ARTIGA was present. Instead of taking Plaintiff to the hospital, Defendant Officer ARTIGA had Plaintiff sign a citation to appear in court on false criminal charges. Plaintiff called a San Francisco Police Department officer friend of hers, who picked her up from the jail at 850 Bryant.

25. Plaintiff is unaware of any rational basis that could reasonably justify Defendant Officer SERNA's continued placement in the community as a police officer empowered by the laws of the State of California to use force and make arrests. Defendant Officer SERNA's highly publicized extensive history of wrongdoing includes logging more uses of force than any other San Francisco police officer during a 9 year period studied by the San Francisco Chronicle and appearing on a use of force watch list nine times, according to an article published in the San Francisco Chronicle on February 6, 2006, entitled "Counting Without Consequence". Plaintiff alleges a pattern of excessive force by Defendant Officer SERNA wrongfully justified by false claims of Defendant Officer SERNA and supporting officers that has continued unabated. Defendant Officer SERNA's history of flagrant and frequent abuse was reported in the San Francisco Chronicle more than one year before the subject-incident. Indeed, a federal lawsuit filed days before the subject-incident alleged similar unprovoked abuse by Defendant Officer SERNA that occurred on August 20, 2006 on Broadway near the intersection of Kearny Street. In that incident, Defendant Officer SERNA beat Gregory Oliver, II, a personal trainer to numerous professional athletes, including Barry Bonds, with a nightstick before wrongfully arresting him on false charges of interfering with a police officer. In that incident, Mr. Oliver had only pointed out to Defendant Officer SERNA that he was using force against a man who had been the victim of an apparent battery that happened moments before and was witnessed by Mr. Oliver. Defendant Officer SERNA also broke Mr. Oliver's necklace when he grabbed Mr. Oliver's shirt and necklace by Mr. Oliver's chest.

26. The arrest and use of force against Plaintiff on or about May 12, 2007 was malicious, wanton and was done without any just provocation or cause, proximately causing Plaintiff's damages.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of her civil rights.

28. As a proximate result of defendants' conduct, plaintiff suffered severe and extreme emotional distress, physical, psychological and emotional injury, fear, terror, anxiety, humiliation, and loss of her sense of security, dignity, and pride as a United States citizen.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officer SERNA, ARTIGA and DOES 1-10)

29. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. In doing the acts complained of herein, Defendants SERNA, ARTIGA and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, HEATHER FONG, and DOES 11-25)

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that high ranking City of

San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers SERNA, ARTIGA and DOES 1-10, and/or each of them.

33.   Plaintiff is informed and believes and thereon alleges that, despite having such notice, Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

34.   Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA, ARTIGA and DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

35.   The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

36.   These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

37.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38.     As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

39.     Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

40.     The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

41.     Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies

of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

42. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant SERNA, ARTIGA, DOES 1-10, and/or each of them.

43. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

44. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

45. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $500,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum of $500,000.00 against Defendant Officers SERNA and ARTIGA;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated: May 21, 2007

The Law Offices of John L. Burris

/s/
_____
John L. Burris
Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 12