JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OLIVER, II,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | Case No. C 07 02460 JL<br><br>**NOTICE AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)**<br><br>*No hearing date pursuant to Civil L.R. 7-11* |

## **NOTICE**

NOTICE TO ALL COUNSEL OF RECORD IN THE PRESENT CASE, *Hwang v. City and County of San Francisco, et al.* Case no. C 07 2718 WDB, and *Maestrini v. City and County of San Francisco, et al.* case no. C 07 2941 PJH.

This Motion for Administrative Relief is brought by Esther Hwang, Plaintiff in *Hwang v. City and County of San Francisco ,et al.* case no. C 07 2718 WDB, and by Marco Maestrini, Plaintiff in *Maestrini v. City and County of San Francisco, et al.* case no. C 07 2941 PJH, pursuant to Civil

Local Rules 7-11 and 3-12. No hearing date is scheduled, pursuant to Civ. L. R. 7-11.

For the reasons stated below, Plaintiffs Esther Hwang and Marco Maestrini request that this court find their separate civil actions to be related to the present case, because both actions concern the same named defendant officers, JESSE SERNA, the same policies, and each action alleges similar events, and because it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges, particularly with respect to discovery of Defendant Officer JESSE SERNA's personnel records. Defendant Officer SERNA is a named defendant in each

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 3-12 sets forth the following format and factors to be considered for an administrative motion to consider whether cases should be related:

1. **TITLE AND CASE NUMBER OF EACH APPARENTLY RELATED CASE:**

    a. *Gregory Oliver, II v. City and County of San Francisco, et al.* Case no. C 07 02460 JL, *Esther Hwang v. City and County of San Francisco, et al.* Case no. C 07 2718 WDB, and *Marco Maestrini v. City and County of San Francisco, et al.* Case no. C 07 2941 PJH.

2. **RELATIONSHIP OF THE ACTIONS ACCORDING TO CRITERIA SET FORTH IN CIVIL L.R. 3-12:**

    a. <u>Each action concerns the same named Defendant San Francisco Police Officer JESSE SERNA, involves similar facts that occurred at locations near each other, and will require the same *Monell* discovery.</u>

Each of these actions alleges excessive force and false imprisonment committed by Defendant Officer JESSE SERNA against each Plaintiff at night in the busy nightclub North Beach district of San Francisco. In each case, Plaintiffs were outside of nightclubs when they were attacked without justification by Defendant Officer SERNA, who used excessive false against each Plaintiff and falsely arrested each Plaintiff. The events of each lawsuit occurred within a relatively close

Administrative Motion to Relate Cases
Case No. C 07 02460 JL

2

proximity in time. The first of these related cases, the instant matter, occurred on August 20, 2006. The second case, *Maestrini*, occurred on October 29, 2006. The third case, *Hwang*, occurred on May 12, 2007. In each case, Plaintiffs were bystanders who had committed no crime when Defendant Officer SERNA attacked them.

On August 20, 2006, Plaintiff OLIVER was waiting for a cab near the intersection of Broadway and Kearny Street, having left the Impala nightclub on Broadway, when he attempted to tell officers that the person they were using force against had been the victim of a battery he had witnessed moments earlier. Defendant Officer SERNA ordered Plaintiff OLIVER to stand back and physically assaulted and battered Plaintiff OLIVER in spite of his compliance. Plaintiff OLIVER was then falsely arrested by Defendant Officer SERNA and released from Central station with a citation alleging false criminal charges.

On October 29, 2006, Plaintiff MAESTRINI was leaving a nightclub called the "Dragon Bar" which is located on the same strip of Broadway as the Impala Club, when he and a friend witnessed officers using what appeared to be excessive force against a person. After Plaintiff and his friend asked the officers what they were doing, Defendant Officer SERNA attacked Plaintiff and slammed his head against a the side of a paddy wagon several times, before slamming him to the ground and slamming his head against the ground. Plaintiff MAESTRINI was taken by ambulance to St. Francis Hospital, where he was released with a citation alleging false criminal charges.

On May 12, 2007, Plaintiff HWANG waited outside of Dolce nightclub, located on the same strip of Broadway near the intersection of Kearny Street, as her boyfriend retrieved her jacket from Dolce. Defendant Officer SERNA attacked Plaintiff HWANG after she attempted to make casual conversation with the officer. Defendant Officer SERNA yanked Plaintiff HWANG to the ground by pulling her hair and calling her a "f(expletive) cunt." Plaintiff HWANG was transported to Central Station and then to 850 Bryant Street where she was released with a citation alleging false criminal charges.

There is no independent evidence, in the form of a field sobriety exam, blood, urine or chemical test in any of these three cases that support a claim that any Plaintiff was intoxicated.

In addition to other avenues to municipal liability, a municipality may be liable for constitutional violations resulting from "a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city." Ninth Circuit Model Civil Jury Instruction 11.2, Municipal Liability (see also cases cited therein). Thus, evidence of other incidents involving Defendant Officer SERNA, and Defendant Officer SERNA's personnel records, are likely to be relevant in each of these separately filed actions.

Additionally, the ratification of excessive force used against people falsely arrested by Defendant Officer SERNA, particularly in similar circumstances as the Plaintiffs, the failure to adequately train the failure to properly investigate and discipline incidents of excessive force and false arrest in the face of an obvious need to adequately train officers in the proper and reasonable making of arrests and use of force can also support municipal liability in these actions. Id.; Ninth Circuit Model Civil Jury Instruction 11.4, Failure to Train.

Defendant Officer SERNA's background will also be an issue in each of these three cases.

    b.    <u>It Appears Likely That There Will Be an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results If the Cases Are Conducted Before Different Judges</u>.

These cases will require essentially the same discovery for the *Monell* municipal liability claims. The same SFPD command staff and officers will need to be deposed; the same documents will need to be produced and examined; and to the extent expert testimony is required, it will cover essentially the same policy issues. Additionally, the same discovery will be taken with respect to Officer Serna's history, training, and the very similar allegations against him in each case.

Ultimately, the injunctive relief claims in each action can best be resolved together, whether resolution of such claims is by settlement or by the factual and legal rulings of a court. Settlement is greatly complicated, and conflicting rulings are quite possible, if these actions proceed separately.

1 | For the reasons stated herein, Plaintiffs MAESTRINI and HWANG respectfully request that this Court relate their newly filed cases with the previously filed *OLIVER* action.

Dated:  August 7, 2007                                   **The Law Offices of John L. Burris**


/s/ Benjamin Nisenbaum_____
Ben Nisenbaum
Attorney for Plaintiff