1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar # 152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863
6  Facsimile:    (415) 554-3837
   E-Mail:       sean.connolly@sfgov.org

7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  ESTHER HWANG,                    Case No. C07-02718 WDB

14          Plaintiff,               **DEFENDANT CITY AND COUNTY OF
                                      SAN FRANCISCO, CHIEF OF POLICE**
15      vs.                          **HEATHER FONG, OFFICER SERNA
                                      AND OFFICER ARTIGA'S ANSWER**
16  CITY AND COUNTY OF SAN           **TO FIRST AMENDED COMPLAINT;**
    FRANCISCO, ET AL.                **DEMAND FOR JURY TRIAL**
17
            Defendants.
18

19

20          Defendant City and County of San Francisco, Chief of Police Heather Fong, and San

21  Francisco Police Officers Jesse Serna and Nelson Artiga ("defendants") respond to the First Amended

22  Complaint filed by Plaintiff Esther Hwang as follows:  Defendants deny the allegations.  Plaintiff's

23  First Amended Complaint it replete with inaccuracies, mischaracterizations, and vicious fabrications,

24  designed simply to advance plaintiff's self-interested pecuniary goals and include recklessly

25  unsupported allegations that serve nothing more than to sully the reputations of decent hard working

26  public servants.

27

28

Def CCSF Answer                    1                    n:\lit\li2007\071511\00437585.doc
Hwang, C07-02718 WDB

1      1.      In response to paragraph One of plaintiff's first amended complaint ("FAC"),

2  defendants admit this court has jurisdiction over this lawsuit, but denies any unlawful act was

3  committed in this jurisdiction, except by plaintiff.

4      2.      In response to paragraph Two of plaintiff's FAC, Defendants lack information

5  sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on

6  that basis, defendant denies the allegations.

7      3.      Responding to the allegations in paragraph Three of the first amended complaint,

8  defendant admits as true.

9      4.      Responding to the allegations in paragraph Four of the FAC, defendants admit as true.

10      5.      Responding to the allegations in paragraph Five of the FAC, defendants admit as true.

11      6.      Responding to the allegations in paragraph Six of the FAC, defendants admit as true.

12      7.      Responding to the allegations in paragraph Seven of the FAC, defendants lack

13  information sufficient to enable them to form a belief as to the truth of the allegations in this

14  paragraph, and, on that basis, defendants deny the allegations.

15      8.      Responding to the allegations in paragraph Eight of the FAC, defendants lacks

16  information sufficient to enable them to form a belief as to the truth of the allegations in this

17  paragraph, and, on that basis, defendants deny the allegations.

18      9.      Responding to the allegations in paragraph Nine of the FAC, defendants lacks

19  information sufficient to enable them to form a belief as to the truth of the allegations in this

20  paragraph, and, on that basis, defendants deny the allegations.

21      10.     Responding to the allegations in paragraph Ten of the FAC, defendants lack

22  information sufficient to enable them to form a belief as to the truth of the allegations in this

23  paragraph, and, on that basis, defendants deny the allegations.

24      11.     Responding to the allegations in paragraph Eleven of the FAC, defendants lack

25  information sufficient to enable them to form a belief as to the truth of the allegations in this

26  paragraph, and, on that basis, defendants deny the allegations.

27

28

12. Responding to the allegations in paragraph Twelve of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

13. Responding to the allegations in paragraph Thirteen of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

14. Defendant denies the allegations in paragraph Fourteen of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations. Defendants dispute plaintiff's averment that "she did not attempt to jaywalk, nor was she physically assaultive to anyone."

15. Responding to the allegations in paragraph Fifteen of the FAC, defendant denies the allegations, except as to plaintiff's concession that she "stomped her heel on one of the officer's feet," which defendants believe is true.

16. Responding to the allegations in paragraph Sixteen of the FAC, defendants deny the allegations, except as to the allegation that plaintiff was pulled to the ground, which plaintiff has mischaracterized, and as to that allegation defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegation.

17. Responding to the allegations in paragraph Seventeen of the FAC, defendants deny the allegations.

18. Responding to the allegations in paragraph Eighteen of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

19. Responding to the allegations in paragraph Nineteen of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

20. Responding to the allegations in paragraph Twenty of the FAC, defendants deny the allegations, except to the act of requesting identification from Mr. Flores, about which defendants

lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny that allegation.

21.     Responding to the allegations in paragraph Twenty-One of the FAC, defendants deny the allegations, except as to the allegation that plaintiff's shoes were taken as evidence, and as to that allegation defendants lack information sufficient to enable them to form a belief as to the truth of the allegation, and, on that basis, deny that allegation.

22.     Responding to the allegations in paragraph Twenty-Two of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations, and, on that basis, deny the allegations.

23.     Responding to the allegations in paragraph Twenty-Three of the FAC, defendants deny the allegations.

24.     Responding to the allegations in paragraph Twenty-Four of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations, and, on that basis, deny the allegations.

25.     Responding to the allegations in paragraph Twenty-Five of the FAC, defendants fail to see the relevance of plaintiff's sensationalized editorializing, and point out to the Court that its inclusion in the FAC is of dubious value.  As to any allegations of wrongdoing that might be read into the commentary, defendants deny the allegations.

26.     Responding to the allegations in paragraph Twenty-Six of the FAC, defendants deny the allegation.

27.     Responding to the allegations in paragraph Twenty-Seven of the FAC, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations, and, on that basis, deny the allegations.

28.     Responding to the allegations in paragraph Twenty-Eight of the FAC, defendants deny the allegation.

29.     Responding to the allegations in paragraphs 29-30 inclusive, defendants deny the allegations.

30.     Responding to the allegations in paragraphs 31-36 of the FAC, defendants deny the allegations.

31.     Responding to the allegations in paragraphs 37-44 of the FAC, defendants deny the allegations.

32.     Responding to the allegations in paragraphs 45-48 of the FAC, defendants deny the allegations.

33.     Responding to the allegations in paragraphs 49-52 of the FAC, defendants deny the allegations.

34.     Responding to the allegations in paragraphs 53-55 of the FAC, defendants deny the allegations.

35.     Responding to the allegations in paragraphs 56-59 of the FAC, defendants deny the allegations.

36.     Responding to the allegations in paragraphs 60-64 of the FAC, defendants deny the allegations.

37.     Responding to the allegations in paragraphs 65-67 of the FAC, defendants deny the allegations.

38.     Defendants further deny any allegation inadvertently unaddressed, and any and all prayer for damages.


**AFFIRMATIVE DEFENSES**
**SEPARATE AFFIRMATIVE DEFENSES**


**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendants.

//

## SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk - Peril)

Defendant alleges that plaintiff/decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff/decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq*. and related statutes.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SIXTH AFFIRMATIVE DEFENSE

#### (Defendants' Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the answering defendants, its agents or employees, was not the proximate cause of plaintiffs' injury.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Denial of Damages)

Defendant denies that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendants.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

### NINTH AFFIRMATIVE DEFENSE

#### (Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

### TENTH AFFIRMATIVE DEFENSE

#### (Barred by Tort Claims Act and Failure to file Claim)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

## ELEVENTH AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## TWELFTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant alleges that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

By reason of plaintiffs' own acts and omissions, including the acts and omissions of plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

To the extent plaintiff's failure to file a claim bars this action, the Complaint and each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Proper Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the First Amended Complaint, defendant acted without malice and with a good faith belief in the propriety of its conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Acting in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
(Public Liability Act)

2

Defendant alleges the provisions of the Public Liability Act of the California Government

3

Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

4

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
(Immunity: Exemplary Damages)

5

6

Defendants allege that San Francisco, a public entity, is immune from liability for exemplary

7

damages herein pursuant to Section 818 of the California Government Code.

8

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
(Plaintiff's Conduct Reckless and Wanton)

9

10

Defendants allege that at all times mentioned in plaintiff's Complaint herein,

11

plaintiff/decedent acted in a careless, reckless, wanton and negligent manner in and about the matters

12

set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately

13

contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a

14

consequence, plaintiff's claim is barred.

15

16

**TWENTY FOURTH AFFIRMATIVE DEFENSE**
(Discretionary Act Immunity)

17

18

Defendants allege that the act or omissions which plaintiff claims give rise to liability in this

19

case were within the discretion of a San Francisco employee acting within the course and scope of his

20

employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in

21

Government Code section 820.2 and its related provisions.

22

23

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(Privilege)

24

Defendant alleges that if in fact any force was used by Defendant against the

25

plaintiff/decedent herein said use of force was the lawful exercise of the right of self-defense and

26

defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

27

28

Def CCSF Answer
Hwang, C07-02718 WDB

10

n:\lit\li2007\071511\00437585.doc

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the plaintiff/decedent by and the employees of the City, if any, was privileged and justified.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that plaintiff/decedent was negligent in and about the matters and activities alleged in the Complaint; that plaintiff/decedent's negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against San Francisco by virtue of the Complaint, San Francisco prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff/decedent.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE
(Arrest)

Defendant alleges that if in fact any force was used to effect the arrest of the plaintiff/decedent herein by the named defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(Resisting Arrest)

Defendant alleges that plaintiff/decedent herein was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that decedent breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

1
2
3

### THIRTIETH AFFIRMATIVE DEFENSE
(Plaintiff/Decedent Assaulted Police)

4
5

Defendant alleges that at all times mentioned in plaintiff's Complaint herein,

6
plaintiff/decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the

7
persons of the arresting officers; that it became and was necessary to use force on the person of the

8
decedent to defend said arresting officers from said violent assault on their persons; that the injuries,

9
if any, and damages, if any, incurred by decedent were proximately caused by the necessary use of

10
said reasonable force on the person of decedent and not otherwise; and that by reason of decedent

11
instituting said vicious and violent assault on the persons of said arresting officers, plaintiff's failure

12
and refusal to desist from continuing said assault, and the consequent necessity to use reasonable

13
force to defend said arresting officers from said assault, plaintiff's claim, if any, is barred by law.

14

### THIRTY-FIRST AFFIRMATIVE DEFENSE

15

(Prevent Injury/Escape)

16

Defendant alleges that no more force was used on plaintiff/decedent's person than was

17
necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent

18
injury to the officers and the public and to facilitate and safeguard a valid police investigation.

19
20

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Qualified Immunity)

21

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified

22
immunity.

23

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Immunity for Failure to Provide Medical Care to a Prisoner)

24
25

Defendant alleges that, under Government Code section 845.6, San Francisco is immune from

26
liability for any inadequate medical care plaintiff may have received while in custody.

27
28

Def CCSF Answer
Hwang, C07-02718 WDB

n:\lit\li2007\071511\00437585.doc

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**
(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to Government Code section 845.8, San Francisco is immune from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**
(Immunity:  Exemplary Damages)

Defendant alleges that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**
(Failure to State Relief Under 42 U.S.C. 1983)

Defendant alleges that the plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and particularly its police officers.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**
(City and County of San Francisco Not a Proper Party)

Defendant alleges that plaintiff has failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**
(Mutual Combat)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiff/decedent was caused by said risks, which were accepted and voluntarily assumed by he when she engaged in said activity.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**
(Self Defense)

Defendant alleges by way of a plea of self defense that defendant employee honestly and reasonably believed that plaintiff/decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

**FORTIETH AFFIRMATIVE DEFENSE**
(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiff.

WHEREFORE, defendants prays for judgment as follows:

1.      That plaintiffs take nothing from defendants;

2.      That the complaint be dismissed with prejudice;

3.      That defendants recover costs of suit herein, including attorneys' fees; and for such other relief as is just and proper;

4.      And that defendants have their right to trial by jury.

Dated:  September 13, 2007

                                DENNIS J. HERRERA
                                City Attorney
                                JOANNE HOEPER
                                Chief Trial Deputy


                        By:_____s/Sean F. Connolly_____
                                SEAN F. CONNOLLY
                                Deputy City Attorney

                                Attorneys for Defendant
                                CITY AND COUNTY OF SAN FRANCISCO

1

## DEMAND FOR JURY TRIAL

2    Defendant City and County of San Francisco demands a trial by jury in this action.

3

4

5

6    Dated:  September 13, 2007

7                                              DENNIS J. HERRERA
                                               City Attorney
8                                              JOANNE HOEPER
                                               Chief Trial Deputy
9                                              SEAN F. CONNOLLY
                                               Deputy City Attorney
10

11                                     By:_____s/_____
                                               SEAN F. CONNOLLY
12                                             Attorneys for Defendant
                                               CITY AND COUNTY OF SAN FRANCISCO
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def CCSF Answer
Hwang, C07-02718 WDB

15