DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar # 152235
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863
Facsimile:      (415) 554-3837
E-Mail:          sean.connolly@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

BENJAMIN NISENBAUM, State Bar # 222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882

Attorneys for Plaintiff
ESTHER HWANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ESTHER HWANG, | Case No. C07-02718 MMC |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | Hearing Date:     Nov. 30, 2007 |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL. | Time:                  10:30 A.M.<br>Place:                 Court No. 7 |
| Defendants. | Trial Date:             N/A |

The parties submit the following case management statement pursuant to the Court's Case Management Conference Order, Feb. 27, 2007, and *The Standing Order for All Judges of the Northern District of California*.

### 1. Jurisdiction and Service

This lawsuit is properly before this Court because it raises a federal question. Specifically, plaintiff alleges cause of actions under 42 U.S.C. section 1983 for alleged violations of plaintiff's constitutional rights by officers of the San Francisco Police Department.

### 2. Facts

**Defendants Version:**

Plaintiff, Esther Hwang, was arrested on May 12, 2007, in San Francisco, for being drunk and disorderly, resisting arrest, and battery on a police officer. The incident giving rise to the arrest began after plaintiff exited a nightclub on Broadway with a male companion. Hwang admits she had consumed alcohol the night of the incident. Police officers, who regularly patrol the Broadway corridor for drunk and disorderly behavior, first noticed Hwang involved in a verbal argument with her companion on the sidewalk outside a nightclub. According to officers, Hwang appeared extremely intoxicated. Officers described Hwang as having bloodshot eyes, dilated pupils, flushed red skin, and being unsteady on her feet. Hwang also had a strong smell of alcohol emanating from her.

Shortly thereafter, Hwang approached one of the patrolmen and informed him that she intended to illegally jaywalk across Broadway Street. The patrolman informed her that it was illegal to jay walk, and that she was in no condition to risk her safety. Hwang responded by berating the patrolman in a loud belligerent tone, asking the patrolman in an extremely patronizing manner, "Do you know who I am?" and informing him that she "used to date the Mayor." Hwang's remarks to the patrolman appear to clearly indicate that she thought she was somehow above the law, and entitled to certain privileges that would make her immune from illegal conduct.

Despite being warned not to jay walk, Hwang attempted to do just that, brushing past another patrolman, and staggered toward the street. The officers, fearing for her safety, and seeing that she was clearly intoxicated, ordered her to stop. Hwang yelled, "you can't arrest me, do you know who I am" and refused to stop. The officers then attempted to physically restrain Hwang, who them began

to resist arrest by pulling her arms away and failing to comply with verbal orders to stop resisting. During the arrest Hwang forcibly stomped on one of the officer's feet, several times, using her spiked heel to deliberately attempt to injure the officer.  (Hwang admits to stepping on the officer's foot).

At that point officers used a Department approved hair pull take down to gently lower her to the ground, where she was arrested.  Hwang never claimed she was injured, nor were there visible signs of injury.  Hwang's only articulated concern at the scene of the arrest was for her fur coat and pearls, which she insisted be given to her male companion.  She was transported to Central Station and later released when she sobered up.

Plaintiff has made every effort to publicize this case, among others, without first fully investigating the matter, nor obtaining defendants version of the incident.  Furthermore, plaintiff has attempted to attribute to defendants certain derogatory remarks, which defendants adamantly deny, in an effort to prejudice defendants, before they have had their right to be heard.  Defendants consider the allegations baseless and intend to vigorously defend the action.

**Plaintiff's Version:**

On the night of May 12, 2007, Plaintiff HWANG was assaulted and battered by Defendant Officers SERNA and ARTIGA outside Dolce, a nightclub located in the North Beach district of San Francisco.  Plaintiff HWANG, a law school student and former secretary to Hon. Willie Brown when he was mayor, was not intoxicated at the time of the subject-incident. Plaintiff HWANG is also a former Miss Korean America.  Plaintiff HWANG waited outside the nightclub while her boyfriend retrieved their coats from Dolce.  Plaintiff HWANG, who has a friend in the San Francisco Police Department, attempted to make casual conversation with a group of San Francisco Police officers who stood nearby.  In response, Defendant Officers SERNA and ARTIGA, totally unprovoked, attacked Plaintiff by grabbing her, pulling her hair and slamming her to the ground. Defendant Officer SERNA stood over Plaintiff and screamed at her, calling he a "fucking cunt." These actions were observed by local nightclub staff and Plaintiff's boyfriend.  Plaintiff was arrested and transported to Central Station, from where she was subsequently released.

Defendant Officer SERNA is a named defendant in at least two other civil actions filed in Northern District court. Both of these incidents occurred at near the same location as Plaintiff, at night, within a span of several months. The rationales offered by the Defendants in each case are the same, generally that the Plaintiffs in each case were drunk and disobeyed or assaulted Defendant Officer SERNA. In none of the cases is there objective evidence, such as a blood-alcohol measurement, that any Plaintiff was intoxicated. Plaintiffs will pursue substantial Monell discovery.

### 3. Legal Issues

Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff.

Whether the officers used reasonable force against Plaintiff.

Whether the officers are entitled to qualified immunity.

Whether Plaintiff resisted arrest.

Whether Defendants' caused any of Plaintiff's alleged damages.

Whether Plaintiff was at fault for any damages that he sustained.

### 4. Motions

Defendants may move for summary judgment or partial summary judgment.

Defendants may move to stay *Monell* discovery and to bifurcate *Monell* issues from the underlying liability issues.

Defendants may move to bifurcate punitive damages issues and discovery from other issues in the case.

### 5. Amendment of Pleadings

The parties do not anticipate amending the pleadings.

### 6. Evidence Preservation

The parties have preserved evidence.

### 7. Disclosures

The parties will engage in initial disclosures pursuant to Fed. R. Civ. P. 26, and have agreed by to conduct disclosures after the Thanksgiving Holiday.

### 8. Discovery

No discovery has yet been conducted.  The parties request discovery as outlined by the Federal Rules of Civil Procedure.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

Plaintiff attempted to relate this case to others by motion on August 8, 2007.  The motion was denied on August 14, 2007, by Magistrate Judge Larson.

By Plaintiff:

Plaintiff's counsel represent two other Plaintiffs in two pending lawsuits against Defendant Officer SERNA, each arising out of separate incidents.  Plaintiff's counsel's motion to relate the cases to the first case filed, *Gregory Oliver, II v. City and County of San Francisco, et al* case no. C 07 02460 JL, was denied by Magistrate Judge Larson.  Due in part to the common *Monell* discovery in each of the three cases pertaining to Defendant Officer SERNA, Judge Larson indicated that the issue may be revisited.  Plaintiff will seek an agreement that *Monell*-type discovery in each of the three cases may be informally related, such that discovery motions regarding Defendant Officer SERNA's background may not need to be brought in each of the three pending cases.

By Defendants:

Defendants were not present when Judge Larson is reported to have informed plaintiff that the issue could be "revisited."  Judge Larson's August 14, 2007, Order, *Oliver v. CCCSF, et al,* USDC, C07-2460 [Document No. 16], states:

> "The Court …concludes that the cases should not be related.  They involve different plaintiffs.  They involve different groups of defendants.  They involve entirely distinct incidents occurring over a period of nine months.  They involve different legal theories.  One case involves allegations of false arrest and use of a baton.  Another involves allegations of an unlawful detention, but not an arrest, and the use of physical force.  Yet another involves allegations against two named officers, one who is not alleged to have been involved in any other incident.
>
> No judicial resources would be conserved by relating these cases. There would be no undue burden on the parties on the Court if they are not related.

Accordingly, the motion to relate is denied."

Defendants are of the position that the issue is settled and that it should not be revisited.

### 11. Relief

Plaintiff is seeking damages, punitive damages, attorneys fees, and costs. Defendants are seeking attorneys fees and costs.

### 12. Settlement and ADR

The parties have agreed to participate in mediation.

### 13. Consent to a Magistrate

The parties do not consent to trial of this case by a United States Magistrate Judge.

### 14. Other References

The case is not suitable for such a reference.

### 15. Narrowing of Issues

The parties are not in agreement about any of the legal issues in this case.

### 16. Expedited Schedule

This case is not suitable for an expedited schedule.

### 17. Scheduling

The Court will need to set dates for the close of discovery, summary judgment (hearing and briefing), and expert disclosures.

### 18. Trial

The parties propose a trial date in early October 2008

### 19. Disclosure of Non Party Interested Entities

The parties are unaware of nonparties with such an interest in this lawsuit

//

//

//

//

Dated: November 16, 2007

                    DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SEAN F. CONNOLLY
Deputy City Attorney

By: s/Sean F. Connolly
    SEAN F. CONNOLLY
    Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO, et al.

Dated: November 16, 2007

BENJAMIN NISENBAUM, ESQ.
JOHN BURRIS, ESQ.
Law Officers of John Burris

By: s/Ben Nisenbaum
    BENJAMIN NISENBAUM
    Attorney for Plaintiff
    ESTHER HWANG