**San Francisco Police Department**
**INCIDENT REPORT**

Report Type: **Initial**

4 OF 7   061153549

061153549

RMS - Original

## INCIDENT

| Incident Number | Occurrence from Date/Time | Occurrence to Date/Time | Reported Date/Time | CAD Number |
|---|---|---|---|---|
| 061-153-549 | 10/29/06  01:15 | 10/29/06  01:30 | 10/28/06 01:10 | 083020458 |

Type of Incident
Alcohol, Under Influence Of In Public Place -19080, Resisting, Delaying, or Obstructing Peace Officer Duties -27170

| Location of Occurrence | | | | | | | |
|---|---|---|---|---|---|---|---|
| 463 Broadway St | | | | At Intersection with/Premise type: Street, (Not Sidewalk) | | | |

| Confidential Report? | Arrest Made? ☑ | Suspect Known? ☑ | Suspect Unknown? ☐ | Non-Suspect Incident? ☐ | Domestic Violence? ☐ | (Type of Weapon Used) | Reporting Unit 3A2D |
|---|---|---|---|---|---|---|---|

Location Sent
- on view -

| How Cleared? 6 | Reported to Bureau | Name | Star | Date/ | Time | Elder Victim ☐ | Gang Related? ☐ | Juvenile Subject? ☐ | Prejudice Based? ☐ |
|---|---|---|---|---|---|---|---|---|---|

## DECLARATION OFFICER

I declare under penalty of perjury, this report of _____ pages is true and correct, based on my personal knowledge, or is based on information and belief following an investigation of the events and parties involved.

PROP 115 CERTIFIED   5 YEAR/POST   Signature: _S. J. Serna_

| Reporting Officer | Star | Station | Watch | Date |
|---|---|---|---|---|
| Serna, Jesse A | 1895 | Central Station | 1800-0200 | 10/29/06 03:34:57 |
| Reviewing Officer SGT. P. Padilla | STAR 5M | Station Central Station | Watch 15-01 | Date 10-29-06 |
| OIC | M | Station Central Station | Watch 9 | Date |

| Related Case | Related Case | Re-Assigned to | Assigned to | District | Assigned by JAS |
|---|---|---|---|---|---|
| | | Copies to   District 5G200 | Add'l Copies | | |

## R/WITNESS

| Code R/W | Name (Last, First Middle) S.F.P.D., | | | Alias | | |
|---|---|---|---|---|---|---|
| Day Phone | Type | Home Address | | City | State | Zip Code |
| Night Phone (415) 315-2400 | Type | Work Address 766 Vallejo St. | | City S.F. | State CA | Zip Code 94133- |

| DOB / | Age | DOE Unk. ☐ | or age between: and | Race | Sex | Height | Weight | Hair Color | Eye Color | ID Type | Jurisd. | ID No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Confidential Person ☐ | Violent Crime Notification ☐ | 293 PC Notification ☐ | Star | Follow-up Form: YES ☐ | Statement YES ☐ | Relationship to Subject |
|---|---|---|---|---|---|---|

| School (if Juvenile) | Injury/Treatment | Other Information/If Interpreter Needed Specify Language: Officer Serna # 1895 |
|---|---|---|

## DETAINED

| Code D | Name (Last, First Middle) Maestrini, Marco M | | | ALIAS | | |
|---|---|---|---|---|---|---|
| Day Phone | Type | Home Address | | City | State | Zip Code |
| Night Phone | Type | Work Address 865 Arbor Way | | City Menlo Park | State CA | Zip Code 94025- |

| DOB Unknown | Date of Birth 05/19/80 | Age 26 | or age between: and | Race W | Sex M | Height 6'03 | Weight 160 | Hair Color BLK | Eye Color BRO |
|---|---|---|---|---|---|---|---|---|---|

| SFNO | MD# (if hvL) | ID Type/Jurisdiction/Number DL   CA   D7442677 | ID Type/Jurisdiction/Number | ID Type/Jurisdiction/Number |
|---|---|---|---|---|

| Book Section #1 | Book Section #2 | Book Section #3 | Book Section #4 | Book Section #5 | Booking Location |
|---|---|---|---|---|---|

| Warrant # | Court # | Action # | Dept | Enroute to | | CWB Check | Star |
|---|---|---|---|---|---|---|---|

| Warrant Violation(s) | | | | Bail | Mirandized ☐ | Star | Date | Time | Statement ☐ |
|---|---|---|---|---|---|---|---|---|---|

| Citation # | Violation(s) | | | | Appear Date/Time | Location of Appearance |
|---|---|---|---|---|---|---|

| Book/Cite Approval | Star | Mass Arrest Code | M X-Rays ☐ | School (if Juvenile) | | ☐ CA Form Booked Copy Attached |
|---|---|---|---|---|---|---|

Other Information: Citation/Warrant/Booking Charge(s)/Missing Person-Subject Description; Scars, Marks, Tatoos
Released per 849b

## San Francisco Police Department
## ADDITIONAL SUSPECTS

**061153549**

5 oF 7

### BOOKED

| CODE B | Name (Last, First Middle) Brock, Brandon | | | | | Alias | | | |
|---|---|---|---|---|---|---|---|---|---|

| Day Phone | Type | Home Address | | | | City | | State | Zip Code |
|---|---|---|---|---|---|---|---|---|---|

| Night Phone | Type | Work Address 2127 Montecito Ave. | | | | City Santa Rosa | | State CA | Zip Code 95404- |

| School (if Juvenile) | Race W | Sex M | DOB Unknown | DOB 07/09/80 | Height 602 | Weight 190 | Hair Color BRO | Eye Color GRE |

| SFNO | I/D# (if Juv.) | ID No. DL D7197880 CA | | ID No. | | ID No. |

| Book/Charge 1 647(f) P.C. | Book/Charge 2 (RWS) | Book/Charge 3 | Book/Charge 4 | Book/Charge 5 | Where Booked SFSO County Jail #9 |

| Warrant # | Court # | Action # | Dept | Enroute To | | CWB Check Wall | Star 55 |

| Warrant Violation(s) | | Bail | Mirandized ☐ Star | Date/Time | Statement ☐ |

| Citation # | Violation(s) | Appear Date/Time | Location of Appearance |

| Book/Cite Approval Sgt. Panine | Star 517 | Mass Arrest Code | M X-Rays ☐ |

Other Information: Citation/Warrant/Booking Charge(s)/Missing Persons-Subject Description/Scars, Marks, Tatoos

**PVT PERSON ARREST**

☐ ORIGINAL PRIVATE PERSON'S ARREST FORM BOOKED AS EVIDENCE. PHOTOCOPY ATTACHED WITH THIS REPORT.

| CODE | Name (Last, First Middle) | | | | | Alias | | | |

| Day Phone | Type | Home Address | | | | City | | State | Zip Code |

| Night Phone | Type | Work Address | | | | City | | State | Zip Code |

| School (if Juvenile) | Race | Sex | DOB Unknown | DOB | Height | Weight | Hair Color | Eye Color |

| SFND | I/D# (if Juv.) | ID No. | | ID No. | | ID No. |

| Book/Charge 1 | Book/Charge 2 | Book/Charge 3 | Book/Charge 4 | Book/Charge 5 | Where Booked |

| Warrant # | Court # | Action # | Dept | Enroute To | | CWB Check | Star |

| Warrant Violation(s) | | Bail | Mirandized ☐ Star | Date/Time | Statement ☐ |

| Citation # | Violation(s) | Appear Date/Time | Location of Appearance |

| Book/Cite Approval | Star | Mass Arrest Code | M X-Rays ☐ |

Other Information: Citation/Warrant/Booking Charge(s)/Missing Persons-Subject Description/Scars, Marks, Tatoos

**PVT PERSON ARREST**

☐ ORIGINAL PRIVATE PERSON'S ARREST FORM BOOKED AS EVIDENCE. PHOTOCOPY ATTACHED WITH THIS REPORT.

SFPO377 C (11/02)

Incident# 061153549

Page 2 of 4

CCSF MAESTRINI 000007

**061153549**

## San Francisco Police Department
## PROPERTY LISTINGS

6 OF 7

| E | Code/No. EVD 1 | Item Description 849(b) P.C. form | | | | Brand | Model | |
|---|---|---|---|---|---|---|---|---|
| 1 | Serial No. | | Gun Make | Caliber | Color | Narcotics Lab No. | Quantity | Value |
| | Seized by (Star) | From Where | | | | | | |
| | Additional Description/Identifying Numbers | | | | | | | |
| | Code/No | Item Description | | | | Brand | Model | |
| | Serial No. | | Gun Make | Caliber | Color | Narcotics Lab No. | Quantity | Value |
| | Seized by (Star) | From Where | | | | | | |
| | Additional Description/Identifying Numbers | | | | | | | |
| | Code/No | Item Description | | | | Brand | Model | |
| | Serial No. | | Gun Make | Caliber | Color | Narcotics Lab No. | Quantity | Value |
| | Seized by (Star) | From Where | | | | | | |
| | Additional Description/Identifying Numbers | | | | | | | |
| | Code/No | Item Description | | | | Brand | Model | |
| | Serial No. | | Gun Make | Caliber | Color | Narcotics Lab No. | Quantity | Value |
| | Seized by (Star) | From Where | | | | | | |
| | Additional Description/Identifying Numbers | | | | | | | |
| | Code/No | Item Description | | | | Brand | Model | |
| | Serial No. | | Gun Make | Caliber | Color | Narcotics Lab No. | Quantity | Value |
| | Seized by (Star) | From Where | | | | | | |
| | Additional Description/Identifying Numbers | | | | | | | |
| | Code/No | Item Description | | | | Brand | Model | |
| | Serial No. | | Gun Make | Caliber | Color | Narcotics Lab No. | Quantity | Value |
| | Seized by (Star) | From Where | | | | | | |
| | Additional Description/Identifying Numbers | | | | | | | |
| | Code/No | Item Description | | | | Brand | Model | |
| | Serial No. | | Gun Make | Caliber | Color | Narcotics Lab No. | Quantity | Value |
| | Seized by (Star) | From Where | | | | | | |
| | Additional Description/Identifying Numbers | | | | | | | |

Incident# 061153549

Page 3 of 4

CCSF MAESTRINI 000008

061153549

San Francisco Police Department
NARRATIVE

7 of 7

While working crowd control in the area of 463 Broadway I saw (D) Maestrini and (B) Brock standing in the street as several S.F.P.D. and S.F.S.D. Officers were attempting to disperse a very large and aggressive crowd. I asked Maestrini and Brock to walk away and get back on the sidewalk however they refused. I then told them a second time and they still refused. Maestrini then said, "we don't have to move...he (Brock) is in law school and works for the CHP" As Maestrini said this I could see that he was uneasy on his feet and I could smell an alcholic type of beverage on he and Brocks breath. As both Brock and Maestrini were attempting to agruee their point with me I could see that both were intoxicated and could not care for themselves. I then attempted to detain both Maestrini and Brock with the help of two unidentified S.F.S.D. deputies. As we were doing so Maestrini pulled away from my grip and was backing into the middle lanes of Broadway. I then grabed Maestrini by the front of his shirt and he fell onto the pavement. Once on the ground he was handcuffed with out futher incident.  Maestrini was then taken to the Sherrifs bus to be processed.  As I was doing the paper work I came back  to the bus and saw that Maestrini was bleeding from a small cut to the back of his head. A ambulance was called and medic 13 responded to the scene. I then released Maestrini per 849b P.C. because of the medical issue and he would no longer need to be booked for the 647(f) P.C. because he would be in the care of paramatics and medical staff at SFGH. He was also advised regarding the 148 P.C.

I notified Sgt. Panina # 517 of the use of force and of the injury to Maestrini and he noted the use of force log. Brock was booked 647(f) P.C. {RWS} with out futher incident.

Incident# 061153549

Page 4 of 4

CCSF MAESTRINI 000009

JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200          Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Marco Maestrini,

        Plaintiff,

        vs.

CITY AND COUNTY OF SAN FRANCISCO,
a municipal corporation; HEATHER FONG, in
her capacity as Chief of Police for the CITY
AND COUNTY OF SAN FRANCISCO; JESSE
SERNA, individually, and in his capacity as a
police officer for the CITY AND COUNTY OF
SAN FRANCISCO; and, San Francisco police
officers DOES 1-25, inclusive,

        Defendants.

C 07 2941 BZ

**COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS.
JURY TRIAL DEMANDED**

## INTRODUCTION

On October 29, 2006, Plaintiff MARCO MAESTRINI suffered significant head injuries when he was beaten by Defendant Officer JESSE SERNA and several other San Francisco Police Officer DOES. Plaintiff MAESTRINI and a friend, who was in he process of applying to be a California Highway Patrol Officer, were beaten by Defendant Officer JESSE SERNA and several other unknown San Francisco Police Officer DOES after they questioned the Defendant Officers, who were using apparently excessive force against another man unknown to Plaintiff and his friend. The

1  blows to Plaintiff's head caused substantial bleeding and Plaintiff was transported to St. Francis

2  Hospital by ambulance. Plaintiff was released from the hospital several hours later after refusing

3  medical recommendations to staple close injuries to his head. No criminal charges were filed against

4  Plaintiff.

5                                    JURISDICTION

6        1.      This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction

7  is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The

8  unlawful acts and practices alleged herein occurred in the City and County of San Francisco,

9  California, which is within this judicial district.

10

11                                      PARTIES

12       2.      Plaintiff herein, MARCO MAESTRINI ("MAESTRINI"), is and was at all times

13  herein mentioned a citizen of the United States residing in the County of San Mateo in California.

14       3.      Defendant City and County of San Francisco ("CITY") is a municipal corporation,

15  duly organized and existing under the laws of the State of California. Under its authority, the City

16  operates the San Francisco Police Department.

17       4.      Defendant HEATHER FONG ("FONG") is and was at all times herein mentioned the

18  Chief of Police for Defendant CITY AND COUNTY OF SAN FRANCISCO. She is being sued in

19  her official capacity.

20       5.      At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed

21  by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a

22  police officer for the City.

23       6.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through

24  25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and

25  believes and thereon alleges that each Defendant so named is responsible in some manner for the

26  injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to

27  state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

28

7.    In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

8.    For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

### STATEMENT OF FACTS

9.    On October 29, 2006, Plaintiff and several friends attended Dragon Bar, a nightclub located at 473 Broadway in the North Beach area of San Francisco. Plaintiff and his friends were dressed in Halloween costumes. Plaintiff dressed for Halloween in a jailbird costume and a long-haired wig. Plaintiff was not intoxicated when he and several friends left Dragon Bar to go home for the night at about 1:30 a.m. The group split up to go to their vehicles. Plaintiff and a friend, who had applied to the California Highway Patrol to become a CHP officer, walked by themselves toward Plaintiff's parked vehicle.

10.    Plaintiff and his friend saw a person unknown to them being beaten by several San Francisco police officers. Neither Plaintiff nor his friend knew why the officers used force against the unknown man, but it was clear to Plaintiff that the officers were excessive in their use of force. Both Plaintiff and his friend approached the officers. Plaintiff asked the officers "What's going on?" Defendant Officer SERNA immediately grabbed Plaintiff from behind and slammed him against a parked paddy-wagon.  Defendant Officer SERNA yelled at Plaintiff, repeatedly telling him to "Shut up!"

11.    Plaintiff was stunned by Defendant Officer SERNA's attack. Defendant Officer SERNA handcuffed Plaintiff, and Plaintiff asked him what the officers' name was. Defendant Officer SERNA then slammed Plaintiff's head against the paddy-wagon. Plaintiff objected and asked the officer, "What did I do?". Defendant Officer SERNA struck Plaintiff on the head and slammed

1  him to the ground. Plaintiff's friend was still standing while being struck by unknown Defendant

2  Officer DOES. Plaintiff's Halloween costume was ripped off him by Defendant Officers during the

3  attack. The costume was left ruined at the scene. Blood flowed from the wounds inflicted to

4  Plaintiff's head.

5    12.    Plaintiff was detained while an ambulance came to the scene. Plaintiff asked

6  Defendant Officer SERNA why he was being detained. Defendant Officer SERNA told Plaintiff in a

7  surly tone, "Oh, you're crying like a little girl." Plaintiff was strapped to a gurney once the

8  ambulance arrived and then was transported to St. Francis Hospital.

9    13.    At St. Francis Hospital, doctors attempted to staple close the wounds to Plaintiff's

10  head. Plaintiff refused the staples. Plaintiff was released from St. Francis Hospital several hours

11  later after undergoing a brain-scan. No testing for alcohol was ever performed on Plaintiff and no

12  criminal charges were ever filed against him. Plaintiff incurred approximately $4,000.00 in medical

13  bills from St. Francis Hospital due to the subject-incident. Plaintiff subsequently was examined by

14  his primary care provider at the Palo Alto Medical Foundation. Plaintiff took photographs of a

15  portion of his physical injuries. Plaintiff suffered severe headaches for about three to four weeks

16  following the unjustifiable beating. Plaintiff also suffered damage to his right ear which caused it to

17  be cut and swollen, and caused consistent pain to the right ear for approximately one month.

18    14.    Plaintiff suffered from psychological distress including recurring nightmares as a

19  consequence of the brutal and malicious attack against him by the Defendant Officers.

20  Approximately two to three months after the subject-incident Plaintiff filed a complaint against the

21  Defendant Officers with Office of Citizen Complaints ("OCC") in San Francisco. Although Plaintiff

22  has received minimal information from OCC, he has been contacted by at least two Criminal Defense

23  attorneys' offices whose clients have faced charges due to arrests made by Defendant Officer

24  SERNA. Plaintiff alleges that Defendant Officer SERNA has a long history of committing abuse

25  under the color of his authority as a San Francisco Police Officer. Plaintiff further alleges that this

26  pattern of abuse by Defendant Officer SERNA, as documented in media accounts and several other

27  civil lawsuits filed against Defendant Officer SERNA alleging use of excessive force, extreme and

28  outrageous comments to the victims of his abuse, and lies by Defendant Officer SERNA to cover up

1  his own wrongful conduct, has been sanctioned by Defendant CITY AND COUNTY OF SAN

2  FRANCISCO through Defendant Chief of Police HEATHER FONG's deliberate indifference to

3  Defendant Officer SERNA's misconduct.

4      15.    The use of force against and detention of Plaintiff on October 29, 2006, was malicious,

5  wanton and was done without any just provocation or cause, proximately causing Plaintiff's damages.

6      16.    Plaintiff found it necessary to engage the services of private counsel to vindicate his

7  rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in

8  relation to this action for violation of his civil rights.

9      17.    As a proximate result of defendants' conduct, plaintiff suffered severe and extreme

10  emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and

11  pride as a United States citizen.

12                          FIRST CAUSE OF ACTION
                               (42 U.S.C. Section 1983)
13                     (Against Defendant Officer SERNA, and DOES 1-10)

14
       18.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through
15
   17 of this Complaint.
16

17      19.    In doing the acts complained of herein, Defendants SERNA, and DOES 1 through 10,

18  inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally

19  protected rights, including, but not limited to:

20
       a.     The right to be free from unreasonable searches and seizures, as guaranteed by the
21
              Fourth and Fourteenth Amendments to the United States Constitution;
22

23     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

24                          SECOND CAUSE OF ACTION
                               (42 U.S.C. section 1983)
25                 (Against Defendants CITY, HEATHER FONG, and DOES 11-25)

26
   20    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1
27
   through19 of this Complaint.
28

21.     Plaintiff is informed and believes and thereon alleges that high ranking City of

San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER

FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about

the repeated acts of misconduct by defendant Officers SERNA, and DOES 1-10, and/or each of them.

22.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that

Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged

and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights

violations by said officers.

23.     Plaintiff is further informed and believes and thereon alleges that as a result of the

deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA

and DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them,

encouraged these officers to continue their course of misconduct, resulting in the violation of the

Plaintiff's rights as alleged herein.

24.     The aforementioned acts and/or omissions and/or deliberate indifference by high

ranking City and County of San Francisco officials, including high ranking City and County of San

Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them

resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the

following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

and Fourteenth Amendments to the United States Constitution;

25.     These rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States Constitution.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 6

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

26.    Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27.    As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

28.    Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

29.    The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

30.    Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies

1   of deliberate indifference in the training, supervision and/or discipline of members of the Defendant

2   SAN FRANCISCO Police Department.

3

4       31.     Plaintiff is further informed and believes and upon such information and belief alleges

5   that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of

6   Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the

7   training, supervision and/or discipline of Defendant SERNA, DOES 1-10, and/or each of them.

8       32.     The aforementioned customs, policies or practices of Defendant CITY, Defendant

9   FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights

10  including, but not limited to, the following:

11

12      a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

13          and Fourteenth Amendments to the United States Constitution;

14      33.     These rights are substantive guarantees under the Fourth and/or Fourteenth

15  Amendments to the United States Constitution.

16

17      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

18                          FOURTH CAUSE OF ACTION
                                (Assault and Battery)
19                        (Against Defendants SERNA and DOES 1-10)

20      34.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 of this

21  Complaint.

22

23      35.     Defendants SERNA and DOES 1-10, inclusive, placed Plaintiff in immediate fear of

24  death and severe bodily harm by attacking and battering him without any just provocation or cause.

25      36.     These defendants' conduct was neither privileged nor justified under statute or

26  common law.

27

28      37.     As a proximate result of defendants' conduct, Plaintiff suffered damages as

    hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Imprisonment)
(Against Defendants SERNA, and DOES 1-10)

38.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39.    Defendants SERNA and DOES 1-10, inclusive, falsely imprisoned Plaintiff without probable cause. Plaintiff had not committed any of the crimes with which he was cited, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any of the crimes with which he was cited.

40.    Defendants SERNA and DOES 1-10, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning the plaintiff without probable cause, and in using excessive and unnecessary force against plaintiff while they falsely imprisoned him.

41.    As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants SERNA and DOES 1-10)

42.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43.    The conduct of Defendants SERNA and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens

1  in a democratic and civilized society. Defendants committed these extreme and outrageous acts with

2  the intent to inflict severe mental and emotional distress upon Plaintiff.

3

4      44.    As a proximate result of Defendants' willful, intentional and malicious conduct,

5  plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled

6  to an award of punitive damages as against said defendants. Plaintiff has suffered damages as

7  hereinafter set forth.

8      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

9

10                         SEVENTH CAUSE OF ACTION

11                (Negligent Infliction of Emotional Distress)

12               (Against Defendants SERNA and DOES 1-10)

13      45.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 of this

14  Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,

15  and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

16      46.    The wrongful conduct of Defendants SERNA  and DOES 1-10, inclusive, as set forth

17  herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiff.

18

19      47.    As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe

20  emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

21      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

22                         EIGHTH CAUSE OF ACTION

23                (Violation of Civil Code Section 51.7)

24               (Against Defendants SERNA and DOES 1-10)

25      48.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 of this

26  complaint.

27      49.    Plaintiff is informed and believes and thereon alleges that the conduct of Defendants

28  SERNA and DOES 1-10, inclusive, as described herein, was intended to intimidate him by violence

1   and threat of violence against him. In engaging in such conduct, defendants violated Plaintiff's rights

2   under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of

3   violence committed against him.

4

5       50.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for

6   each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for

7   reasonable attorney's fees.

8       51.     As a proximate result of defendants' wrongful conduct, Plaintiff suffered damages as

9   hereinafter set forth.

10

11      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

12

13                          NINTH CAUSE OF ACTION
14                        (Violation of Civil Code Section 52.1)
                       (Plaintiff against Defendants SERNA and DOES 1-10)
15

16      52.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 51 of this

17   Complaint.

18      53.     The conduct of Defendants SERNA and DOES 1-10, inclusive, as described herein,

19   acting in the course and scope of their employment for Defendant CITY, violated California Civil

20   Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights,

21

22   through use of wrongful and excessive force, and failure to make any proper or reasonable detention

23   of said Plaintiff.

24      54.     As a direct and proximate result of Defendants' violation of Civil Code Section 52.1,

25   Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

26

27      55.     Since this conduct occurred in the course and scope of their employment, Defendant

28   CITY is therefore liable to Plaintiff pursuant to respondeat superior.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 11

56.   Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants SERNA and DOES 1-10)

57.   Plaintiff realleges and incorporates by reference herein paragraphs 1 through 56 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

58.   At all times herein mentioned, Defendants SERNA and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

59.   As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against Defendants CITY and DOES 11-25)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 12

60.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 59 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

61.    At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injury to said plaintiff. CITY and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY and DOES 11-25, inclusive, failed to adequately train its police officers, including Defendants SERNA, and DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and reasonable making of detentions, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, and/or the proper and reasonable making of detentions. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, and/or the continuing failure to make proper and reasonable detentions by police officers employed by CITY.

62.    As a proximate result of defendants CITY and DOES 11-25, inclusive's negligent conduct, plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

63.    Plaintiff hereby demands a jury trial in this action.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 13

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.   For general damages in a sum of $500,000.00;

2.   For special damages in a sum according to proof;

3.   For punitive damages in a sum of $500,000.00

4.   For injunctive relief enjoining Defendant CITY AND COUNTY OF SAN
     FRANCISCO from authorizing, allowing, or ratifying the practice by any police
     officer employee of Defendant CITY from using excessive and unreasonable force
     against persons, pursuant to California Civil Code Section 52.1;

5.   For violation of California Civil Code Sections 52 and 52.1, statutory damages, and
     reasonable attorney's fees;

6.   For violation of California Civil Code Section 51.7 pursuant to California Civil Code
     section 52(b), punitive damages against Defendant police officers, $25,000.00 for each
     offense and reasonable attorney's fees;

7.   For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.   For cost of suit herein incurred; and

9.   For such other and further relief as the Court deems just and proper.


Dated: June 5, 2007                          **The Law Offices of John L. Burris**

                                             /s/ John L. Burris
                                             John L. Burris
                                             Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 14

















