1  Robert C. Cheasty, Esq. # 85115
   Law Offices of Cheasty & Cheasty
2  1604 Solano Avenue
3  P.O. Box 8357
   Berkeley, CA 94707
4  Telephone: (510) 525-1000

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMAL JACKSON; JANNIE MENDEZ,          NO.

12  Plaintiffs,

13                                          **COMPLAINT FOR DAMAGES FOR
                                            VIOLATION OF CIVIL RIGHTS.**
14  vs.

15  CITY AND COUNTY OF SAN                  **JURY TRIAL DEMANDED**
    FRANCISCO, a municipal corporation;
16  HEATHER FONG, in her capacity as
    Chief of Police for the CITY AND
17  COUNTY OF SAN FRANCISCO; JESSE
    SERNA, individually, and in his capacity
18  as a police officer for the CITY AND
    COUNTY OF SAN FRANCISCO; GARY
19  MORIYAMA, individually and in his
    capacity as a police officer for the CITY
20  AND COUNTY OF SAN FRANCISCO;
    and San Francisco police officers and
21  employees DOES 1 through 50, inclusive,
22
23  Defendants.

24

25

26

27

28

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.
-1-

**INTRODUCTION**

On the afternoon of February 24, 2007, Plaintiff JAMAL JACKSON, a college student, was driving with his girlfriend, Plaintiff JANNIE MENDEZ, to the Red and White Fleet out of Pier 1 in San Francisco (along the Embarcadero) where they were to meet with some friends. On the way to meet their friends, another driver who was stuck in the late afternoon traffic took out his frustration on Jamal and others. This other driver became increasingly angry and eventually was overcome by road rage and in the process of venting his rage, and acting and driving in a hostile manner, he accosted Mr. JACKSON who defended himself.

Later, when Mr. JACKSON arrived at the pier parking lot where his friends worked, Mr. JACKSON went into the bathroom. When he emerged from the bathroom he observed a couple of police officers on the lot and was told that they were looking for someone who would have just arrived who was in some kind of dispute with another motorist. Mr. JACKSON approached the officers to explain that he might be the driver they sought and to explain to them what had transpired and to lodge a complaint against the other driver. When Mr. JACKSON reached the police he was accosted by Defendant OFFICER SERNA who placed him into handcuffs and then violently struck him and threw him onto the pavement and then further assaulted and battered him. This violence was wholly without provocation of cause. This was in the presence of others who were there, both those who had their cars parked in the lot, and those who worked there, and Mr. JACKSON'S girlfriend, Plaintiff JANNIE MENDEZ.

Defendant OFFICER SERNA then began to pepper spray onlookers, including Plaintiff Ms. MENDEZ, and to assault those in the vicinity and to continue to be physically abusive to Mr. JACKSON, who was at this point fearful for his safety. Mr. JACKSON eventually jumped up and ran from OFFICER SERNA and ran across the Embarcadero where he knelt down on the pavement

1    in front of the most public spot he could find, a coffee shop, to surrender himself to any other

2    police. He surrendered himself to another couple of officers who put him into their squad car. While

3
4    he was in the back seat of the police vehicle, and cuffed, OFFICER SERNA came up and got into

5    the back seat and began to assault and batter him again, and began verbally and physically abusing

6    him, making repeated racially derogatory and offensive remarks including repeatedly calling Mr.

7    JACKSON "nigger" and "boy" and "little bitch." Mr. JACKSON is African American.

8         San Francisco Police Officers, Defendants JESSE SERNA and GARY MORIYAMA both

9
10   participated in the false arrest and detention of the onlookers, including Plaintiff JANNIE

11   MENDEZ, with OFFICER SERNA using chemical sprays into the eyes of onlookers including

12   Plaintiff JANNIE MENDEZ, who was held in violation of her right to freedom and to remain free

13   from unwanted physical contact, assaults, batteries, arrest, detention and imprisonment by

14   OFFICER SERNA.

15        Plaintiffs JACKSON and MENDEZ observed OFFICER SERNA approached bystander

16
17   Shawn Myers, tell him that he was under arrest, and placed an arm bar on him. Joined by Officer

18   Moriyama, they violently manhandled Mr. Myers, threw him to the ground and arrested him. Mr.

19   Myers had done nothing to provoke any use of force or an arrest. As this event unfolded, Mr.

20   Myers' wife repeatedly asked the officers why they were arresting and manhandling her husband. In

21   response, Officer SERNA discharged his chemical spray into Sarah Myers' face, without warning

22
23   or provocation and in violation of department guidelines for such use and discharge. Officer

24   MORIYAMA both assisted Officer SERNA in his unlawful use of force and stood by and failed to

25   intervene in Officer SERNA's intolerable abuse of Plaintiff JACKSON and Plaintiff MENDEZ and

26   of Mr. and Ms. Myers. Defendant Officers DOES stood by and failed to intervene in Defendant

27
28

1    Officers SERNA's and MORIYAMA's intolerable abuse of Plaintiffs JACKSON, MENDEZ and the

2    others who were assaulted and abused by them.

3
        Mr. JACKSON was incarcerated in the San Francisco County Jail for seven days, and is
4
    currently fighting false criminal charges that have been pursued by the CITY AND COUNTY OF
5
6    SAN FRANCISCO.

7        Defendant Officer JESSE SERNA is an officer for the San Francisco Police Department

8    who has repeatedly misbehaved as a police officer and despite that repeated misconduct, his

9
    behavior has been allowed and permitted by the Defendants CITY AND COUNTY OF SAN
10
11   FRANCISCO and its Police Department and its directing personnel, including its Police Chief,

12   Defendant HEATHER FONG. This has redounded to the detriment of the public and to the

13   detriment of the rest of the police force who suffer reputation-wise from the terrible misconduct and

14   the physical abuse that Officer SERNA has repeatedly committed. His misconduct has been widely

15
    publicized such that the Department and the officials of the CITY AND COUTY OF SAN
16
17   FRANCISCO, Defendants herein, all have been on notice of Mr. SERNA'S violations but have not

18   taken proper steps to protect the public from Officer SERNA'S conduct. Moreover Defendants

19   CITY AND COUTY OF SAN FRANCISCO and FONG and have continued to endorse the conduct

20   of SERNA and have still failed to take steps to properly discipline Officer SERNA, thereby further

21
    condoning and ratifying his conduct and sending the message to the others in the police force that
22
23   this conduct will be tolerated. Attached hereto as Exhibits A, a group exhibit of prominent articles

24   including an Editorial in the San Francisco Chronicle, all highlighting the misconduct of Officer

25   SERNA, including the Editorial, that actually named SERNA, all putting the CITY AND COUNTY

26   OF SAN FRANCISCO and the Department on Notice.

27

28

1  Defendant Officers later lied by falsely claiming in their police reports that that Plaintiff

2  JAMAL JACKSON had resisted arrest, by falsely claiming that Plaintiff JAMAL JACKSON had

3
4  assaulted and battered, by falsely claiming that bystanders Mr. and Mrs. Myers had threatened the

5  officers, that Mrs. Myers had attempted to assault Officer SERNA, that Plaintiff JANNIE

6  MENDEZ had acted in a way to justify the spraying of her with chemical spray, handcuffing her

7  and arresting her. Despite being so assaulted and battered by Officer SERNA, being detained, being

8  handcuffed, and carted off in a police vehicle, and being brought to Central Station for booking, no

9
10  charges were filed against Plaintiff JANNIE MENDEZ.

11                                    **JURISDICTION**

12  1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is

13  conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The

14  unlawful acts and practices alleged herein occurred in the City and County of San Francisco,

15
16  California, which is within this judicial district.

17                                      **PARTIES**

18  2. Plaintiff herein, JAMAL JACKSON, is and at all times mentioned herein was readily

19  recognizable as an African-American man and he is a citizen of the United States residing in the

20  City of Sacramento, County of Sacramento, California.

21
22  3. Plaintiff herein, JANNIE MENDEZ, is and at all times mentioned herein was readily

23  recognizable as a Latina woman and she is a citizen of the United States residing in the City of San

24  Francisco, California.

25  4. Defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") is a municipal

26  corporation, duly organized and existing under the laws of the State of California. Under its

27  authority, the CITY operates the San Francisco Police Department.

28

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.

5. At all times mentioned herein, Defendant HEATHER FONG ("FONG") was employed by Defendant CITY as Chief of Police for Defendant CITY. She is being sued in her official capacity as Chief of Police for Defendant CITY.

6. At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed by Defendant CITY as a police officer. He is being sued in his official capacity as a police officer for Defendant CITY.

7. At all times mentioned herein, Defendant GARY MORIYAMA ("MORIYAMA") was employed by Defendant CITY as a police officer. He is being sued in his official capacity as a police officer for Defendant CITY.

8. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and based thereupon allege that each defendant so named is responsible in some manner for the injuries and damages sustained herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

9. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police, in all the conduct described herein and in arresting and detaining Plaintiff MENDEZ and Plaintiff JACKSON.

## STATEMENT OF FACTS

10. On the afternoon of February 24, 2007, Plaintiff JAMAL JACKSON, a college student, and his girlfriend, Plaintiff JANNIE MENDEZ, drove to the Embarcadero, Pier One, near the Ferry Building, in San Francisco to meet with friends who worked there.

11. While Mr. JACKSON and his girlfriend Ms. MENENDEZ were on the way to Pier One, another driver who was stuck in the late afternoon traffic took out his anger and frustration on Jamal JACKSON and others. This other driver became overcome by road rage and in the process of venting his rage, and acting and driving in a hostile manner, he accosted Mr. JACKSON who defended himself.

12. When Mr. JACKSON and Ms. MENDEZ arrived at the Pier One parking lot where his friends worked, Mr. JACKSON went into the bathroom. When he emerged from the bathroom he observed a couple of police officers on the lot and was told that they were looking for someone who would have just arrived who was in some kind of dispute with another motorist. One officer, Defendant Officer SERNA, appeared very angry and was using profanity while looking around.

13. Mr. JACKSON approached the officers to explain that he might be the driver they sought and to explain to them what had transpired and to lodge a complaint against the other driver.

14. When Mr. JACKSON reached the two police officers he began to address them. He was suddenly accosted by Officer SERNA who placed him into handcuffs and then violently struck him and threw him onto the pavement and then further assaulted and battered him.

15. This assault and battery by Officer SERNA was in the presence of others who were there at the scene, including Mr. JACKSON's girlfriend, Plaintiff JANNIE MENDEZ , as well as bystanders who appeared to be waiting at the parking lot kiosk for their cars, and those who worked there, and others unknown to Plaintiffs.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.

1    16. Officer SERNA then began to pepper spray onlookers, including Plaintiff Ms.

2  MENDEZ, and to be assaultive those in the vicinity and to assault and batter a bystander Mr. Shawn

3  Myers, and to continue to be physically abusive to Mr. JACKSON, who began to genuinely fear for

4

5  his safety, especially as Defendant Officer Gary MORIYAMA did nothing to stop Defendant

6  Officer SERNA from physically harming and battering Mr. JACKSON and as Officer SERNA

7  seemed intent on hurting Mr. JACKSON, and as SERNA showed no restraint in how he was

8  conducting himself.

9
10    17. Fearing for his own safety, Mr. JACKSON eventually jumped up at a moment when

11  SERNA had directed his attention to assaulting and pepper spraying people at the parking lot kiosk.

12  Mr. JACKSON ran across the Embarcadero where he then stopped and knelt down on the pavement

13  in front of the most public spot he could find, a coffee shop, to surrender himself to any other

14  police.

15
16    18. Mr. JACKSON surrendered himself to another couple of officers who put him into their

17  squad car. While he was in the back seat of the police vehicle, and cuffed, Defendant Officer

18  SERNA came up and got into the back seat and assaulted and battered Mr. JACKSON again

19  repeatedly, and verbally and physically abusing him, making repeated racially derogatory and

20  grossly offensive remarks to Mr. JACKSON who is African American, humiliating Mr. JACKSON

21  by using the words nigger and boy to Mr. JACKSON.

22

23    19. San Francisco Police Officers, Defendants JESSE SERNA and GARY MORIYAMA

24  both participated in the false arrest and detention of the onlookers, including Plaintiff JANNIE

25  MENDEZ, with Officer SERNA using chemical sprays into the faces of onlookers including

26  Plaintiff JANNIE MENDEZ, who was held in violation of her right to freedom and to be free from

27

28

1  unwanted physical contacts and assaults, batteries, arrest and false imprisonment by Defendant

2  Officer SERNA and other Defendants in the San Francisco Police Department.

3
4        20. Plaintiffs JACKSON and MENDEZ observed Officer SERNA approach bystander

5  Shawn Myers, tell him that he was under arrest, and manhandle him. Joined by Officer Moriyama,

6  SERNA violently threw Mr. Myers to the ground and arrested him, in spite of the fact that Mr.

7  Myers had done nothing to provoke any use of force or an arrest. As this event unfolded, Mr. Myers'

8  wife, Sarah Myers repeatedly asked the officers why they were arresting and manhandling her

9
10  husband. In response, Officer SERNA sprayed his chemical spray into Sarah Myers' face, without

11  warning or provocation and in violation of department guidelines for such use and discharge.

12        21. Defendant Officer MORIYAMA both assisted Defendant Officer SERNA in his

13  unlawful use of force upon Plaintiffs and others at the scene, and stood by and failed to intervene in

14  Officer SERNA's inexcusable abuse of JAMAL JACKSON and JANNIE MENDEZ and of

15
16  bystanders Mr. and Mrs. Myers, causing great terror in the minds and hearts of Plaintiffs JACKSON

17  and MENDEZ. Defendant Officers DOES stood by and failed to intervene in Defendant Officers

18  SERNA's and MORIYAMA's intolerable abuse of Plaintiffs JACKSON, MENDEZ and the others

19  who were assaulted and abused by them, causing the obvious harm stated herein and, in addition,

20  causing great harm in the loss of confidence in the police as protectors of the public, protectors of

21
22  the peace, enforcers of the law and the safe public servants to whom the public can turn in times of

23  distress as well as for general aid and assistance. As a result of this police misconduct by Defendant

24  SERNA and the other Defendants, Plaintiff JACKSON and his family moved from San Francisco to

25  Sacramento out of fear of further assaults or batteries or harassment of violations of the legal and

26  constitutional rights of Mr. JACKSON and his family.

27
28        22. Mr. JACKSON was incarcerated in the San Francisco County Jail for seven days, and is

1  currently fighting false criminal charges which have been pursued by the CITY AND COUNTY OF
2  SAN FRANCISCO.
3
4      23. Defendant OFFICER JESSE SERNA is an officer for the San Francisco Police
5  Department who has repeatedly misbehaved in his acts as a police officer. Despite that repeated
6  misbehavior, his conduct has been allowed and permitted by the Department to the detriment of the
7  public and to the detriment of the rest of the police force who suffer reputation-wise by the terrible
8  conduct and the physical abuse committed by Defendant OFFICER SERNA. This misbehavior has
9  been brought repeatedly to the attention of the Defendant CITY AND COUNTY OF SAN
10 FRANCISCO. The misconduct of Defendant OFFICER SERNA has been so notorious that it has
11 been publicized far and wide and has become a public disgrace, being the subject of numerous
12 articles and pieces in the news media in San Francisco, such that it has come to the attention
13 repeatedly of the officials of the Defendant CITY AND COUNTY OF SAN FRANCISCO, putting
14 them on notice of the problem. Plaintiffs are informed and believe that SERNA has been repeatedly
15 at the top of all lists of police officers in San Francisco for excessive use of force and that
16 SERNA'S appearance on the CITY'S "Watch List" for officers using force in excess of three times
17 per quarter started in 1997 and has continued since that year with both reported and unreported uses
18 of force, causing injuries and hospitalizations repeatedly to those whom he arrested. Further,
19 Plaintiffs are informed and believe that Defendant POLICE CHIEF HEATHER FONG has been
20 alerted to this problem with Serna and has both refused to comment when asked about it and also
21 generically defended it and excused it. In spite of being on such notice about Defendant SERNA,
22 Defendants CITY AND COUNTY OF SAN FRANCISCO have not taken proper steps to control
23 Defendant OFFICER SERNA and to protect the public from Officer SERNA's conduct. Moreover
24 Defendants CITY AND COUNTY OF SAN FRANCISCO and FONG and have continued to
25
26
27
28

1  endorse the conduct of SERNA and have still failed to take steps to properly discipline Officer

2  SERNA, thereby further condoning and ratifying his conduct and sending the message to the others

3  in the police force that this conduct will be tolerated. Attached hereto as Exhibits A, a group exhibit

4

5  of prominent articles, including even an Editorial in the San Francisco Chronicle citing Defendant

6  SERNA by name, all reporting the abominable record of misconduct of Officer SERNA and putting

7  the City and the Department on Notice.

8      24. Defendant Officers SERNA and MORIYAMA later lied by claiming in their police

9
   reports that that Plaintiff JAMAL JACKSON had resisted arrest, that Plaintiff JAMAL JACKSON
10
   had assaulted and battered the officers, that bystanders Mr. and Ms. Myers had threatened the
11
12  officers, that Ms. Myers had attempted to assault Officer SERNA, that Plaintiff JANNIE MENDEZ

13  had acted in any way to justify the spraying of her with chemical spray (pepper spray) which

14  Defendant SERNA claimed was warranted.

15
       25. Plaintiff JAMAL JACKSON was falsely arrested and battered as described herein and
16
17  charged with among other things resisting arrest and various other false charges designed to cover

18  up the outrageous conduct of Defendant SERNA and the other Defendants.

19      26. Plaintiff JANNIE MENDEZ was falsely arrested on charges designed to cover up the

20  illegal acts of Defendant SERNA and the other Defendants, including among other things, resisting,

21
   obstructing or delaying a police officer in the performance of duty. Plaintiff JANNIE MENDEZ
22
23  was chemically sprayed and handcuffed at the scene. She was then placed in the rear of a police

24  vehicle and transported to Central Station, where she was detained in handcuffs. She was eventually

25  released. No charges were brought against JANNIE MENDEZ.

26

27

28

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.

27. The arrest of Plaintiffs JAMAL JACKSON and JANNIE MENDEZ on or about February 24, 2007 was malicious, wanton and was done without any just provocation or cause, proximately causing Plaintiffs' damages.

28. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of their civil rights.

29. As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendant Officer SERNA, and DOES 1-10)**

30. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 29 of this Complaint.

31. In doing the acts complained of herein, Defendants SERNA, MORIYAMA and DOES 1 through 15, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Against Defendants CITY, HEATHER FONG, and DOES 16-30)**

32. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33. Plaintiffs are informed and believe and thereon allege that high ranking City of San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 16 through 30, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers SERNA, MOIUYAMA, and DOES 1-15 and/or each of them.

34. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants FONG, DOES 16-30, and/or each of them, approved, ratified, condoned, encouraged, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

35. Plaintiffs are further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA, MORIYAMA and DOES 1-15, and/or each of them, Defendants FONG, DOES 16-30 and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 16-30, and each of then resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

1    37. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments

2    to the United States Constitution.

3

4    WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

5    ### THIRD CAUSE OF ACTION
     ### (42 U.S.C. section 1983)

6    ### (Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

7

8    38. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 37 of

9    this Complaint.

10    39. As against Defendant CITY, Defendant FONG and/or DOES 16-30 in her/their capacity

11    as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiffs further

12    allege that the acts and/or omissions alleged in the Complaint herein are indicative and

13

14    representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN

15    FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning

16    and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of

17    citizens.

18

19    40. Plaintiffs are further informed and believe and thereon allege that the acts and omissions

20    alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY,

21    FONG, DOES 16-30, and each of them, to repeated acts of police misconduct which were tacitly

22    authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 16-30, and

23    each of them.

24

25    41. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and

26    proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant

27    FONG, DOES 16-30, and each of them.

28

42. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

43. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY. Defendant FONG, DOES 16-30. and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant SERNA, MORIYAMA, DOES 1-15, and/or each of them

44. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 16-30, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

45. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Assault and Battery)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

46. Plaintiffs reallege and incorporate by reference herein paragraphs I through 45 of this Complaint.

47. Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm by attacking and battering them without any just provocation or cause.

48. These defendants' conduct was neither privileged nor justified under statute or common law.

49. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(False Imprisonment)**
**(Against Defendants SERNA, MORIYAMA and DOES 1-15)**

50. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 49 of this Complaint.

51. Defendants SERNA, MORIYAMA and DOES 1 - 15, inclusive, falsely imprisoned Plaintiffs without probable cause. Plaintiffs had not committed any of the crimes with which they was cited, and there was no basis upon which defendants could have reasonably believed that plaintiffs had committed any of the crimes with which they were cited.

52. Defendants SERNA, MORIYAMA and DOES 1 - 15, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiffs without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning the plaintiffs without probable cause, and in using excessive and unnecessary force against plaintiffs while they falsely imprisoned them.

53. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants SERNA, MORIYAMA and DOES 1-15)

54. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 53 of this Complaint.

55. The conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

56. As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants. Plaintiffs have suffered damage is hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants SERNA, MORIYAMA and DOES 1-15)

57. Plaintiffs reallege and incorporate by reference herein paragraphs I through 56 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

58. The wrongful conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

59. As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Violation of Civil Code Section 51.7)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

60. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 59 of this complaint.

61. Plaintiffs are informed and believes and thereon allege that the conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as described herein, was motivated by racial prejudice against Plaintiffs. Plaintiff JAMAL JACKSON is and was readily recognizable as African-American and Plaintiff MENDEZ is recognizable as Latina. In engaging in such conduct, defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of the races of plaintiffs.

62. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

63. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.
-18-

### NINTH CAUSE OF ACTION
#### (Violation of Civil Code Section 52.1)
(Plaintiff against Defendants SERNA, MORIYAMA,
CITY AND COUNTY OF SAN FRANCISCO and DOES 1-15)

64. Plaintiffs real allege and incorporate by reference herein paragraphs 1 through 63 of this Complaint.

65. The conduct of Defendants SERNA, MORJYAMA and DOES 1 - 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiffs.

66. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth herein.

67. Since this conduct occurred in the course and scope of their employment, Defendant CITY AND COUNTY OF SAN FRANCISCO is therefore liable to Plaintiffs pursuant to respondeat superior.

68. Plaintiffs are entitled to injunctive relief and an award of his reasonable attorney's fee: pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### TENTH CAUSE OF ACTION
#### (Negligence)
(Against Defendants SERNA, MORIYAMA,
CITY AND COUNTY OF SAN FRANCISCO and DOES 1-15)

69. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 68 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

70. At all times herein mentioned, Defendants SERNA, MORIYAMA and DOES 1 - 15, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiffs to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

71. As a proximate result of Defendants' negligent conduct, Plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against Defendants CITY and DOES 16-30)

72. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 71 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

73. At all times herein mentioned, defendant CITY AND COUNTY OF SAN FRANCISCO, by and through its supervisory employees and agents, DOES 16-30, inclusive, has and had a

1    mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its

2    police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference,

3    CITY and DOES 16-30, inclusive, failed to take necessary, proper, or adequate measures in order to

4

5    prevent the violation of plaintiffs' rights and injury to said plaintiffs. CITY AND COUNTY OF

6    SAN FRANCISCO and DOES 16-30, inclusive, breached their duty of care to citizens in that CITY

7    AND COUNTY OF SAN FRANCISCO and DOES 16-30, inclusive, failed to adequately train its

8    police officers, including Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, in the

9    proper and reasonable use of force, the proper and reasonable making of detentions, and treating

10

11    citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and

12    procedures regarding the proper and reasonable use of force, the proper and reasonable making of

13    detentions, and treating citizens in a manner that is not racially discriminatory. This lack of

14    adequate supervisorial training, and/for policies and procedures demonstrates the existence of an

15    informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive

16

17    and unreasonable force by police officers employed by CITY AND COUNTY OF SAN

18    FRANCISCO, the continuing failure to make proper and reasonable detentions by police officers

19    employed by CITY AND COUNTY OF SAN FRANCISCO, and continuing racially discriminatory

20    behavior towards citizens by police officers employed by the CITY AND COUNTY OF SAN

21    FRANCISCO.

22

23        74. As a proximate result of defendants CITY AND COUNTY OF SAN FRANCISCO and

24    DOES 16-30, inclusive's negligent conduct, plaintiffs suffered severe physical injury, severe

25    emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility,

26    and suffered damages.

27

28        WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

75. Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

FOR PLAINTIFF JAMAL JACKSON:

For general damages in a sum of $1,000,000.00;

For special damages in a sum according to proof;

For punitive damages in a sum according to proof;

For injunctive relief enjoining Defendant CITY AND COUNTY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52. ;

For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

For violation of California Civil Code Section 51.7 pursuant to California Civil Code section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

For cost of suit herein incurred; and

For such other and further relief as the Court deems just and proper.

FOR PLAINTIFF JANNIE MENDEZ:

For general damages in a sum of $1,000,000.00;

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.
-22-

1    For special damages in a sum according to proof;

2    For punitive damages in a sum according to proof;

3
4    For injunctive relief enjoining Defendant CITY AND COUNTY OF SAN FRANCISCO
5    from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant
6    CITY from using excessive and unreasonable force against persons, pursuant to California Civil
7    Code Section 52. ;

8    For violation of California Civil Code Sections 52 and 52.1 , statutory damages, and
9    reasonable attorney's fees;

10
11    For violation of California Civil Code Section 51.7 pursuant to California Civil Code section
12    52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and
13    reasonable attorney's fees;

14    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

15    For cost of suit herein incurred; and
16
17
18    For such other and further relief as the Court deems just and proper.

19
20    Date: April 7, 2008                            Law Offices Of Cheasty & Cheasty

21
22
23                                            _____
                                              Robert C. Cheasty
24                                            Attorneys for Plaintiffs

25
26
27
28

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
-23-