ADRMOP, CASREF, E-Filing, REFSET

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:08-cv-01163-MEJ

Myers et al v. City and County of San Francisco et al
Assigned to: Magistrate Judge Maria-Elena James
Referred to: Magistrate Judge James Larson (Settlement)
Demand: $1,500,000
Cause: 42:1983 Civil Rights Act

Date Filed: 02/27/2008
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**Shawn Myers**

represented by **Matthew C. Mani**
Freitas McCarthy MacMahon & Keating LLP
1108 Fifth Avenue, Third Floor
San Rafael , CA 94901
(415) 456-7500
Fax: (415) 456-0266
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mathew Carl Mani**
Freitas, McCarthy, MacMahon & Keating,
LLP
1108 Fifth Avnue
Third Floor
San Rafael , CA 94901
415-456-7500 x40
Fax: 415-456-0266
Email: mmani@freitaslaw.com
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Sarah Myers**

represented by **Matthew C. Mani**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mathew Carl Mani**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**City and County of San Francisco**
*a municipal corporation*

represented by **Sean F. Connolly**
City Attorney's Office
Fox Plaza
1390 Market Street, 6th Floor

San Francisco , CA 94102
415-554-3863
Fax: 415-554-3837
Email: sean.connolly@sfgov.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Heather Fong**
*in her capacity as Chief of Police for the*
*City and County of San Francisco*

represented by **Sean F. Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jesse Serna**
*individually, and in his capacity as a police*
*officer for the City and County of San*
*Francisco*

represented by **Sean F. Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gary Moriyama**
*individually and in his capacity as a police*
*officer for the City and County of San*
*Francisco*

represented by **Sean F. Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Jamal Jackson**

represented by **Robert C. Cheasty**
Law Offices of Cheasty & Cheasty
1604 Solano Ave
Berkeley , CA 94707
510-525-1000
Fax: 510-526-3672
Email: rcheasty@cheastylaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2008 | 1 | COMPLAINT; summons issued against City and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama (Filing fee $ 350, receipt number 44611001866). Filed by Shawn Myers, Sarah Myers. (slh, COURT STAFF) (Filed on 2/27/2008) (Additional attachment(s) added on 3/3/2008: # 1 Civil Cover Sheet, # 2 summons) (sv, COURT STAFF). (Entered: 02/29/2008) |
| 02/27/2008 | 2 | ADR SCHEDULING ORDER: Case Management Conference set for 6/4/2008 01:30 PM. Case Management Statement due by 5/28/2008. (Attachments: # 1 EMC Standing Order, # 2 Case Management Standing Order)(slh, COURT STAFF) (Filed on 2/27/2008) (Entered: 02/29/2008) |
| 02/27/2008 | | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 2/27/2008) (Entered: 02/29/2008) |

| 04/22/2008 | 3 | ANSWER to Complaint with Jury Demand byCity and County of San Francisco, Heather Fong. (Connolly, Sean) (Filed on 4/22/2008) (Entered: 04/22/2008) |
| 04/23/2008 | 4 | CERTIFICATE OF SERVICE by City and County of San Francisco, Heather Fong re 3 Answer to Complaint (Connolly, Sean) (Filed on 4/23/2008) (Entered: 04/23/2008) |
| 04/24/2008 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by City and County of San Francisco, Heather Fong. (Connolly, Sean) (Filed on 4/24/2008) (Entered: 04/24/2008) |
| 04/25/2008 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (bpf, COURT STAFF) (Filed on 4/25/2008) (Entered: 04/25/2008) |
| 04/28/2008 | 7 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Magistrate Judge Edward M. Chen no longer assigned to the case. Signed by Executive Committee on 4/28/08. (ha, COURT STAFF) (Filed on 4/28/2008) (Entered: 04/28/2008) |
| 05/05/2008 | 8 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 6/13/2008 01:30 PM. Case Management Statement due by 6/6/2008.. Signed by Judge Jeffrey S. White on 5/5/08. (jjo, COURT STAFF) (Filed on 5/5/2008) (Entered: 05/05/2008) |
| 05/13/2008 | 9 | CERTIFICATE OF SERVICE by Shawn Myers, Sarah Myers *Proof Of Service Of Summons And Complaint* (Mani, Mathew) (Filed on 5/13/2008) (Entered: 05/13/2008) |
| 05/13/2008 | 10 | CERTIFICATE OF SERVICE by Shawn Myers, Sarah Myers *Proof Of Service Of Summons And Complaint* (Mani, Mathew) (Filed on 5/13/2008) (Entered: 05/13/2008) |
| 05/13/2008 | 11 | CERTIFICATE OF SERVICE by Shawn Myers, Sarah Myers *Proof Of Service Of Summons And Complaint* (Mani, Mathew) (Filed on 5/13/2008) (Entered: 05/13/2008) |
| 05/28/2008 | 12 | ADR Clerks Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 5/28/2008) (Entered: 05/28/2008) |
| 05/29/2008 | 13 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Connolly, Sean) (Filed on 5/29/2008) (Entered: 05/29/2008) |
| 05/29/2008 | 14 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *ADR Certification By Parties And Counsel* (Mani, Mathew) (Filed on 5/29/2008) (Entered: 05/29/2008) |
| 06/02/2008 | 15 | STIPULATION *AND ORDER SELECTING ADR PROCESS* by City and County of San Francisco, Heather Fong. (Connolly, Sean) (Filed on 6/2/2008) (Entered: 06/02/2008) |
| 06/02/2008 | 16 | ANSWER to Complaint with Jury Demand byCity and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama. (Connolly, Sean) (Filed on 6/2/2008) (Entered: 06/02/2008) |
| 06/03/2008 | 17 | ADR Clerks Notice Setting ADR Phone Conference on 6/10/08 at 10:30 a.m. Please take note that plaintiff's counsel initiates the call to all parties. (tjs, COURT STAFF) (Filed on 6/3/2008) (Entered: 06/03/2008) |
| 06/06/2008 | 18 | CASE MANAGEMENT STATEMENT *[JOINT STATEMENT]* filed by City and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama. (Connolly, Sean) (Filed on 6/6/2008) (Entered: 06/06/2008) |
| 06/12/2008 | 19 | JOINT CASE MANAGEMENT STATEMENT *[AMENDED]* filed by City and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama. (Connolly, Sean) (Filed on 6/12/2008) (Entered: 06/12/2008) |
| 06/13/2008 | 20 | ORDER REFERRING CASE to Magistrate Judge for Settlement to be completed by 4/20/2009. Signed by Judge Jeffrey S. White on 6/13/08. (jjo, COURT STAFF) (Filed on 6/13/2008) (Entered: 06/13/2008) |

| 06/13/2008 | | CASE REFERRED to Magistrate Judge Magistrate Judge James Larson for Settlement (wh, COURT STAFF) (Filed on 6/13/2008) (Entered: 06/13/2008) |
|---|---|---|
| 06/13/2008 | 21 | Minute Entry: Initial Case Management Conference held on 6/13/2008 before Judge Jeffrey S. White (Date Filed: 6/13/2008). (Court Reporter Kathy Wyatt.) (jjo, COURT STAFF) (Date Filed: 6/13/2008) (Entered: 06/13/2008) |
| 06/16/2008 | 22 | CASE MANAGEMENT SCHEDULING ORDER: Jury Trial set for 9/21/2009 08:30 AM in Courtroom 2, 17th Floor, San Francisco. Motion Hearing set for 6/19/2009 09:00 AM in Courtroom 2, 17th Floor, San Francisco. Pretrial Conference set for 8/24/2009 02:00 PM in Courtroom 2, 17th Floor, San Francisco.. Signed by Judge Jeffrey S. White on 6/16/08. (jjo, COURT STAFF) (Filed on 6/16/2008) (Entered: 06/16/2008) |
| 06/20/2008 | 23 | Proposed Order *[Proposed] Amended Order Scheduling Trial And Pretrial Matters* by Shawn Myers, Sarah Myers. (Mani, Mathew) (Filed on 6/20/2008) (Entered: 06/20/2008) |
| 06/23/2008 | 24 | ORDER REFERRING CASE to Magistrate Judge James for ALL purposes. Signed by Judge Jeffrey S. White on 6/23/2008. (mat, COURT STAFF) (Filed on 6/23/2008) (Entered: 06/23/2008) |
| 06/24/2008 | 25 | ORDER REASSIGNING CASE. Case reassigned to Judge Magistrate Judge Maria-Elena James for all further proceedings. Judge Hon. Jeffrey S. White no longer assigned to the case. Signed by Executive Committee on 6/24/08. (mab, COURT STAFF) (Filed on 6/24/2008) (Entered: 06/24/2008) |
| 06/25/2008 | 26 | Memorandum in Opposition *to Motion to Relate [to Oliver v. CCSF, C07-02460; Hwang v. CCSF, C07-02718; Maestrini v. CCSF, Case No. C07-2941]* filed byCity and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama. (Connolly, Sean) (Filed on 6/25/2008) (Entered: 06/25/2008) |
| 07/01/2008 | 27 | NOTICE OF REFERRAL re 25 Order Reassigning Case,, Case Assigned/Reassigned,. Signed by Judge Maria-Elena James on 7/1/08. (mejlc2, COURT STAFF) (Filed on 7/1/2008) (Entered: 07/01/2008) |
| 07/10/2008 | 28 | ORDER SETTING CASE MANAGEMENT CONFERENCE. Signed by Judge Maria-Elena James on 7/10/08. (mejlc2, COURT STAFF) (Filed on 7/10/2008) (Entered: 07/10/2008) |
| 07/10/2008 | | Set/Reset Hearings: Case Management Conference set for 8/14/2008 10:00 AM. (slh, COURT STAFF) (Filed on 7/10/2008) (Entered: 07/14/2008) |
| 07/14/2008 | 29 | ORDER RESCHEDULING CASE MANAGEMENT CONFERENCE. Signed by Judge Maria-Elena James on 7/14/08. (mejlc2, COURT STAFF) (Filed on 7/14/2008) (Entered: 07/14/2008) |
| 07/16/2008 | 30 | NOTICE by City and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama *NOTICE OF UNAVAILABILITY OF COUNSEL* (Connolly, Sean) (Filed on 7/16/2008) (Entered: 07/16/2008) |
| 08/04/2008 | 31 | Memorandum in Opposition *to Plaintiffs' Motion to Relate Cases* filed byCity and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama. (Connolly, Sean) (Filed on 8/4/2008) (Entered: 08/04/2008) |
| 08/04/2008 | 32 | Declaration of Sean F. Connolly in Support of 31 Memorandum in Opposition filed byCity and County of San Francisco, Heather Fong, Jesse Serna, Gary Moriyama. (Attachments: # 1 Exhibits A and B)(Related document(s) 31 ) (Connolly, Sean) (Filed on 8/4/2008) (Entered: 08/04/2008) |
| 08/04/2008 | 33 | MOTION to Relate Case filed by Jamal Jackson. (Attachments: # 1 Declaration)(Cheasty, Robert) (Filed on 8/4/2008) (Entered: 08/04/2008) |

CAND-ECF

Case 3:07-cv-02718-MMC    Document 47-4    Filed 08/22/2008    Page 5 of 21    ...95459969248-L_...

| 08/04/2008 | 34 | MOTION to Relate Case filed by Jamal Jackson. (Cheasty, Robert) (Filed on 8/4/2008) (Entered: 08/04/2008) |
| 08/04/2008 | 35 | Declaration of Robert Cheasty in Support of 34 MOTION to Relate Case, 33 MOTION to Relate Case filed by Jamal Jackson. (Related document(s) 34 , 33 ) (Cheasty, Robert) (Filed on 8/4/2008) (Entered: 08/04/2008) |

### PACER Service Center

#### Transaction Receipt

08/18/2008 12:25:33

| PACER Login: | jh0674 | Client Code: | Hwang |
| Description: | Docket Report | Search Criteria: | 3:08-cv-01163-MEJ |
| Billable Pages: | 4 | Cost: | 0.32 |

1 | MATTHEW C. MANI, ESQ., (CA State Bar No. 172679)
FREITAS McCARTHY MacMAHON & KEATING, LLP
2 | 1108 Fifth Avenue, Third Floor
San Rafael, CA 94901
3 | Telephone: (415) 456-7500
Telecopier: (415) 456-0266
4 | E-mail: mmani@freitaslaw.com

**E-filing**

5 | Attorneys for Plaintiffs

**FILED**

FEB 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee
pd
iss.

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

10

11 | SHAWN MYERS and SARAH MYERS,

Case No. **C08-01163**

EMC

12 | Plaintiffs,

v.

13 | CITY AND COUNTY OF SAN FRANCISCO, a
14 | municipal corporation; HEATHER FONG, in her
capacity as Chief of Police for the CITY AND
15 | COUNTY OF SAN FRANCISCO; JESSE
SERNA, individually, and in his capacity as a
16 | police officer for the CITY AND COUNTY OF
SAN FRANCISCO; GARY MORIYAMA,
17 | individually and in his capacity as a police
officer for the CITY AND COUNTY OF SAN
18 | FRANCISCO; and San Francisco police officers
and employees DOES 1 through 50, inclusive,

19

Defendants.

**COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS.
JURY TRIAL DEMANDED**

**BY FAX**

20

21 | **INTRODUCTION**

22 | On the afternoon of February 24, 2007, Plaintiffs SHAWN MYERS and SARAH MYERS, a

23 | married couple who had been on a cruise around the San Francisco Bay on the Red and White Fleet

24 | out of Pier One, waited for their car at a valet kiosk immediately adjacent to the Ferry Building.

25 | They witnessed two San Francisco Police Officers, Defendants JESSE SERNA and GARY

26 | MORIYAMA, arrive at the scene and take a young man into custody. While they were handcuffing

27 | the young man, Officer SERNA violently punched him in the lower back, and then threw the man to

28 | the ground. The young man called out for a witness to his beating, and Mr. MYERS stepped

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

1

GO 44 SEC N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

1    forward, stating that he saw what would happen and would be a witness.

2        In response, Officer SERNA approached Mr. MYERS, told him that he was under arrest, and

3    placed an arm bar on him. Joined by Officer Moriyama, they violently threw Mr. MYERS to the

4    ground and arrested him, in spite of the fact that My. MYERS had done nothing to provoke any use

5    of force or an arrest. As this event unfolded, Mr. MYERS' wife, Plaintiff SARAH MYERS,

6    repeatedly asked the officers why they were arresting and manhandling her husband. In response,

7    Officer Serna discharged his O.C. spray into SARAH MYERS' face, without warning or provocation,

8    and in violation of department guidelines for such use and discharge. Officer MORIYAMA both

9    assisted Officer SERNA in his unlawful use of force upon Mr. MYERS and stood by and failed to

10   intervene in Officer SERNA's intolerable abuse of SHAWN MYERS and SARAH MYERS.

11   Defendant Officers DOES stood by and failed to intervene in Defendant Officers SERNA's and

12   MORIYAMA's intolerable abuse of Plaintiffs.

13       Mr. MYERS was placed in the rear of an S.F. P.D. van, shortly after which he was joined by

14   Officer SERNA, who called him a "monkey," told him the "monkeys should be in cages," that he had

15   an "ugly white woman," as well as making numerous other racial and derogatory comments and

16   statements. Mr. MYERS was incarcerated in the San Francisco County Jail for seven days, and is

17   currently fighting criminal charges which have been pursued by the CITY AND COUNTY OF SAN

18   FRANCISCO.

19       Defendant Officers later lied by claiming in their police reports that Plaintiff SHAWN

20   MYERS had threatened the officers, that Plaintiff SHAWN MYERS had resisted arrest, that Plaintiff

21   SHAWN MYERS had assaulted and battered the officers, and the Plaintiff SARAH MYERS had

22   attempted to assault Officer SERNA, which he claimed warranted use of his O.C. spray.

23                                      **JURISDICTION**

24       1.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction

25   is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The

26   unlawful acts and practices alleged herein occurred in the City and County of San Francisco,

27   California, which is within this judicial district.

28

## PARTIES

2.     Plaintiff herein, SHAWN MYERS, is and at all times mentioned herein was readily recognizable as an African-American man and he is a citizen of the United States residing in the City of Richmond, County of Contra Costa, California.

3.     Plaintiff herein, SARAH MYERS, is and at all times mentioned herein was readily recognizable as a Caucasian woman and she is a citizen of the United States residing in the City of Richmond, County of Contra Costa, California.

4.     Defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the San Francisco Police Department.

5.     At all times mentioned herein, Defendant HEATHER FONG ("FONG") was employed by Defendant CITY as Chief of Police for Defendant CITY. She is being sued in her official capacity as Chief of Police for Defendant CITY.

6.     At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed by Defendant CITY as a police officer. He is being sued in his official capacity as a police officer for Defendant CITY.

7.     At all times mentioned herein, Defendant GARY MORIYAMA ("MORIYAMA") was employed by Defendant CITY as a police officer. He is being sued in his official capacity as a police officer for Defendant CITY.

8.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and based thereupon allege that each defendant so named is responsible in some manner for the injuries and damages sustained herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

9.     In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police

officers under the United States and California Constitutions and as police officers employed by
Defendant CITY.

## STATEMENT OF FACTS

10.    On the afternoon of February 24, 2007, Plaintiffs SHAWN MYERS and SARAH
MYERS, husband and wife, went on a cruise on the Red and White Fleet out of Pier 1 in San
Francisco. Following the cruise, the couple exited the ferry and walked to a valet kiosk in the
parking lot immediately adjacent to the San Francisco Ferry Building and stood in line, waiting to
pay for and pick up their vehicle.

11.    As they stood in line, they saw a white car pull to the curb and park. The three
occupants exited the car and walked past the couple and out of their sight.

12.    Shortly thereafter, a marked San Francisco Police van pulled to the curb in front of the
white car. Two officers, later determined to be Defendants SERNA and MORIYAMA, exited the
van, examined the white car, and then began to look around the immediate area in an apparent
attempt to locate the occupants. The officers, particularly Officer SERNA, appeared very angry and
loudly used profanity while looking around.

13.    Shortly thereafter, the driver of the vehicle returned to the vehicle, where he was
confronted by Defendants SERNA and MORIYAMA. Officer SERNA grabbed the man, placed his
arms behind his back, and handcuffed him. During the cuffing, Defendant SERNA violently struck
the man in the right lower back with his fist, causing him to groan in response. SERNA and
Moriyama then threw the man to the ground. The man called out to the bystanders, asking if anyone
was what the officers were doing to him, and whether anyone would testify about the conduct of the
officers.

14.    SHAWN MYERS, shocked and upset by what he was witnessing, stepped forward,
and stated that he had witnessed what was going on.

15.    In response, Defendant SERNA pushed up off of the man, aggressively approached
SHAWN MYERS, and told him that he was under arrest for a felony, and that he was going to jail.
Defendant SERNA then grabbed SHAWN MYERS around the throat and threw him to the ground in
a prone position. Officer SERNA had one knee in the back of SHAUN MYERS' neck and the other

1  in his lower back while placing him in an "arm bar." Officer MORIYAMA assisted with this
2  treatment and assault. During this assault, SHAWN MYERS asked repeatedly why the Officers were
3  doing this to him, receiving no response.

4       16.    Plaintiff SARAH MYERS, witnessing this shocking, unwarranted and brutal treatment
5  of her husband, she also asked why the officers were doing this to him. In response, and without
6  provocation, warning, or any verbal communication at all, Officer SERNA turned and discharged his
7  O.C. canister in SARAH MYERS' face. She was immediately in agony and unable to see, having
8  trouble breathing as her face and mouth burned. She sat on the ground and listened as her husband
9  pleaded with the officers to release his arm and stop their attack.

10      17.    Some minutes later, an unknown third officer arrived and poured some fluid over
11 SARAH MYERS' face to provide some relief of the burning and effects of the O.C. spray.

12      18.    SHAWN MYERS was placed in the rear on a police van. While he was being
13 arrested, Officer SERNA repeatedly referred to him as "boy." When SHAWN MYERS was in the
14 back of the van and handcuffed, Officer SERNA entered and began verbally abusing him, calling him
15 a "monkey," telling him that "monkeys belong in cages," telling him, "that's an ugly looking white
16 woman you got there. Couldn't you get a prettier one?" And, in response to SHAWN MYERS
17 informing him that he was a husband and father, telling him, "You probably don't even know how
18 many illegitimate kids you got."

19      19.    SHAWN MYERS was transported to the San Francisco jail at 850 Bryant Street after
20 being falsely arrested on fabricated charges, where he was held until posting bail some 6 days later.
21 He was charged with a felony violation of California Penal Code Section 69, since dismissed; a
22 misdemeanor violation of California Penal Code Section 69; a misdemeanor violation of California
23 Penal Code Section 243(b); and a misdemeanor violation of California Penal Code Section 148(a)(1).
24 His case is set for trial in March of 2008.

25      20.    SARAH MYERS was falsely arrested on fabricated charges that she resisted,
26 obstructed or delayed a police officer in the performance of their duties. She handcuffed at the scene
27 and left for many minutes on the back of a fire truck that responded to the area. She was then placed
28 in the rear of a police patrol car and transported to Central Station, where her hands were cuffed

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

1    behind her to a wall and she was left for many more minutes. She was ultimately cited and released

2    that evening. No charges were filed against SARAH MYERS.

3        21.    The arrest of Plaintiffs on or about February 24, 2007 was malicious, wanton and was

4    done without any just provocation or cause, proximately causing Plaintiffs' damages.

5        22.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their

6    rights under the law. Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in

7    relation to this action for violation of their civil rights.

8        23.    As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme

9    emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and

10   pride as a United States citizen.

11   <center>**FIRST CAUSE OF ACTION**</center>

12   <center>**(42 U.S.C. Section 1983)**</center>
<center>**(Against Defendant Officer SERNA, and DOES 1-10)**</center>

13

14       24.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through

15   23 of this Complaint.

16       25.    In doing the acts complained of herein, Defendants SERNA, MORIYAMA and DOES

17   1 through 15, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain

18   constitutionally protected rights, including, but not limited to:

19

20       a.    The right to be free from unreasonable searches and seizures, as guaranteed by the

21           Fourth and Fourteenth Amendments to the United States Constitution;

22   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

23   <center>**SECOND CAUSE OF ACTION**</center>

24   <center>**(42 U.S.C. section 1983)**</center>
<center>**(Against Defendants CITY, HEATHER FONG, and DOES 16-30)**</center>

25

26       26.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through

27   25 of this Complaint.

28       27.    Plaintiffs are informed and believes and thereon alleges that high ranking City of

<center>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES</center>

San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 16 through 30, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers SERNA, MORIYAMA, and DOES 1-15, and/or each of them.

28.    Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants FONG, DOES 16-30, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

29.    Plaintiffs are further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA, MORIYAMA and DOES 1-15, and/or each of them, Defendants FONG, DOES 16-30, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.

30.    The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 16-30, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

31.    These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

7

### THIRD CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

32.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33.     As against Defendant CITY, Defendant FONG and/or DOES 16-30 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

34.     Plaintiffs are further informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 16-30, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 16-30, and each of them.

35.     The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 16-30, and each of them.

36.     Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

37.   Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 16-30, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant SERNA, MORIYAMA, DOES 1-15, and/or each of them.

38.   The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 16-30, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

39.   These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Assault and Battery)**
**(Against Defendants SERNA, MORIYAMA and DOES 1-15)**

40.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

41.   Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm by attacking and battering them without any just provocation or cause.

42.   These defendants' conduct was neither privileged nor justified under statute or common law.

43.   As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

1    WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

2
                          **FIFTH CAUSE OF ACTION**
3                              **(False Imprisonment)**
               **(Against Defendants SERNA, MORIYAMA and DOES 1-15)**
4

5    44.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 43 of this

6    Complaint.

7    45.    Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, falsely imprisoned

8    Plaintiffs without probable cause. Plaintiffs had not committed any of the crimes with which they

9    was cited, and there was no basis upon which defendants could have reasonably believed that

10   plaintiffs had committed any of the crimes with which they were cited.

11

12   46.    Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, failed to observe

13   proper procedures in falsely imprisoning Plaintiffs without probable cause. These defendants

14   exceeded the limits of their authority as police officers in falsely imprisoning the plaintiffs without

15   probable cause, and in using excessive and unnecessary force against plaintiffs while they falsely

16   imprisoned them.

17

18   47.    As a proximate result of defendants' conduct, Plaintiffs suffered damages as

19   hereinafter set forth.

20
     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.
21

22                          **SIXTH CAUSE OF ACTION**
                   **(Intentional Infliction of Emotional Distress)**
23               **(Against Defendants SERNA, MORIYAMA and DOES 1-15)**

24   48.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 47 of this

25   Complaint.

26

27   49.    The conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as set

28   forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated

                 COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

by citizens in a democratic and civilized society. Defendants committed these extreme and

outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

50.    As a proximate result of Defendants' willful, intentional and malicious conduct,

plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiffs are

entitled to an award of punitive damages as against said defendants. Plaintiffs have suffered damages

as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
#### (Negligent Infliction of Emotional Distress)
#### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

51.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 50 of this

Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,

and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

52.    The wrongful conduct of Defendants SERNA, MORIYAMA and DOES 1-15,

inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the

rights of Plaintiffs.

53.    As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered

severe emotional and mental distress, having a traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
#### (Violation of Civil Code Section 51.7)
#### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

54.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 53 of this

complaint.

55.     Plaintiffs are informed and believes and thereon allege that the conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as described herein, was motivated by racial prejudice against plaintiffs. Plaintiff SHAWN MYERS is and was readily recognizable as African-American. In engaging in such conduct, defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of SHAWN MYERS' race.

56.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

57.     As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Plaintiff against Defendants SERNA, MORIYAMA and DOES 1-15)

58.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 57 of this Complaint.

59.     The conduct of Defendants SERNA, MORIYAMA and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiffs.

60.     As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth herein.

61.   Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to respondeat superior.

62.   Plaintiffs are entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### TENTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

63.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 62 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

64.   At all times herein mentioned, Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiffs to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

65.   As a proximate result of Defendants' negligent conduct, Plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against Defendants CITY and DOES 16-30)

66.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 65 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

67.    At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, DOES 16-30, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY and DOES 16-30, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiffs. CITY and DOES 16-30, inclusive, breached their duty of care to citizens in that CITY and DOES 16-30, inclusive, failed to adequately train its police officers, including Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, in the proper and reasonable use of force, the proper and reasonable making of detentions, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of detentions, and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, the continuing failure to make proper and reasonable detentions by police officers employed by CITY, and continuing racially discriminatory behavior towards citizens by police officers employed by the CITY.

68.     As a proximate result of defendants CITY and DOES 16-30, inclusive's negligent

conduct, plaintiffs suffered severe physical injury, severe emotional and mental distress, injury

having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

69.     Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

FOR PLAINTIFF SHAWN MYERS:

1.     For general damages in a sum of $1,000,000.00;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For injunctive relief enjoining Defendant CITY OF SAN FRANCISCO from
       authorizing, allowing, or ratifying the practice by any police officer employee of
       Defendant CITY from using excessive and unreasonable force against persons,
       pursuant to California Civil Code Section 52.1;

5.     For violation of California Civil Code Sections 52 and 52.1, statutory damages, and
       reasonable attorney's fees;

6.     For violation of California Civil Code Section 51.7 pursuant to California Civil Code
       section 52(b), punitive damages against Defendant police officers, $25,000.00 for each
       offense and reasonable attorney's fees;

7.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.     For cost of suit herein incurred; and

9.     For such other and further relief as the Court deems just and proper.

FOR PLAINTIFF SARAH MYERS:

10.    For general damages in a sum of $500,000.00;

11.    For special damages in a sum according to proof;

12.    For punitive damages in a sum according to proof;

13.    For injunctive relief enjoining Defendant CITY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

14.    For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

15.    For violation of California Civil Code Section 51.7 pursuant to California Civil Code section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

16.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

17.    For cost of suit herein incurred; and

18.    For such other and further relief as the Court deems just and proper.

Dated: February 26, 2008               FREITAS, McCARTHY, MacMAHON & KEATING

By: _____

Matthew C. Mani
Attorneys for Plaintiff