UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Oliver, II<br><br>    Plaintiff,<br><br>v.<br><br>City and County of San Francisco, et al.,<br><br>    Defendants. | No. C 07-2460 JL<br><br>**ORDER** |

    The Court conducted an in camera review of complaints against Defendant Jesse Serna in the files of the Office of Citizens' Complaints ("OCC" files) as well as the Management Control Division of the San Francisco Police Department ("MCD") files.

    Plaintiff argued at the hearing on Defendants' motion to bifurcate the individual and *Monell* claims and to stay *Monell* discovery that some *Monell* discovery may be relevant under Rule 404(b) as admissible bad-acts evidence. Although Defendants argued that the requested personnel files are unlikely to be admissible for this purpose, Defendants provided the Court with Officer Serna's OCC and MCD files for in camera review.

    But, beyond the OCC and MCD files, Defendants contend that Officer Serna's personnel files are unlikely to be pertinent to any claim other than the *Monell* claim and that their discovery should be subject to the requested stay. The Court previously granted without prejudice both of Defendants' motions - to bifurcate the claims against Jesse Serna from the City and its officials, and to stay related *Monell* discovery.

The Court considered the likelihood that the files could lead to the discovery of admissible evidence. Fed.R.Evid. 404(b). Rule 404(b) forbids the admission of evidence of "other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). This prohibition reflects the "underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir.1993) (internal quotation marks and citations omitted). Because such evidence may be highly relevant, however, the Rule does permit its admission "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident ...." Fed.R.Evid. 404(b). *United States v. Hearst*, 563 F.2d 1331, 1337 n. 3 (9th Cir.1977) ( "The Rule embodies an inclusionary rule which admits all evidence of other crimes relevant to an issue in a trial, except that which tends to prove only criminal disposition." (internal citation and quotations omitted)). In making admissibility decisions, the court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir.1994); *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir.1993); *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir.1991). *U.S. v. Verduzco*, 373 F.3d 1022, 1026 -1027 (9th Cir. 2004)

This Court also applied the balancing tests described in the *Soto* case, applying the *Kelly v. City of San Jose* standard. The Court finds that Plaintiff's need for the information outweighs the officer's privacy concerns, especially with a protective order in place. In addition, the files are not the defendant-officer's personnel files, per se, but files of

complaints similar to Plaintiff's, or relevant to impeachment. *Soto v. City of Concord* 162 F.R.D. 603, 610 -611 (N.D.Cal.,1995).

After conducting its in camera review of the OCC and MCD files, the Court hereby orders production of the following files as likely to lead to admissible evidence regarding Plaintiff's individual claims against Serna. The documents in the files could be admissible at trial, "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident ...." Fed.R.Evid. 404(b), or for impeachment, related to credibility, such as complaints of false, incomplete or unfiled reports. The following files have relevant evidence and shall be produced, along with the related cassette tapes, all of which were produced in BOX 1:

BOX 2

0059-01

0271-01

0787-01

0960-01

0236-02

0824-02

0308-03

0324-03

0332-03

0360-03

0526-03

0622-03

BOX 3

| | |
|---|---|
| 1 | 0649-03 |
| 2 | 0699-03 |
| 3 | 0724-03 |
| 4 | 0891-03 |
| 5 | |
| 6 | 0926-03 |
| 7 | 1014-03 |
| 8 | 0543-05 |
| 9 | |
| 10 | 0739-06 |
| 11 | 0780-06 |
| 12 | 0798-07 |
| 13 | 0803-07 |
| 14 | |
| 15 | **FILES NOT BOXED** |
| 16 | 0456-06 |

The following cases were pending at the time files were submitted for in camera review. If the investigations have been completed, these files shall be submitted to the Court for in camera review.

0179-07

0409-07

0827-07

Compliance shall be due within ten days of the issuance of this Order, subject to the Court's standing protective order or any other such order stipulated to by counsel forthwith.

```
 1       IT IS SO ORDERED.
 2   DATED: July 22, 2008
 3
 4
 5                                          _____
                                                    James Larson
 6                                              Chief Magistrate Judge
 7
```