1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar # 152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3863
6  Facsimile:     (415) 554-3837
   E-Mail:        sean.connolly@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ESTHER HWANG, | Case No. C07-02718 MMC |
|---|---|
| Plaintiff, | **DECLARATION OF LT. DANIEL J. MAHONEY IN SUPPORT OF DEFENDANTS REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL. | |
| Defendants. | **[PUBLIC VERSION]** |
| | Hearing Date:  September 12, 2008<br>Time:          9:00 a.m.<br>Place:         Judge Maxine M. Chesney, Courtroom 7, 19th Floor, San Francisco, CA |
| | Trial Date:    October 27, 2008 |

I, Lieutenant Daniel J. Mahoney, declare as follows:

1.     I am a Lieutenant with the San Francisco Police Department and the Commanding Officer of the Legal Division of the San Francisco Police Department ("SFPD"). In that capacity I am responsible for management and oversight of all legal matters involving the San Francisco Police Department. As a result of my various official duties, I am familiar with Department personnel, training and disciplinary records, and records of the Office of Citizens Complaints. I have personal knowledge of the contents of this declaration, and, if called upon to testify, I could and would testify competently to the contents of this declaration.

1      2.      I have personally reviewed the personnel and training files of Police Officer Jesse Serna. The San Francisco Police Department has maintained the confidentiality of the documents in compliance with California law.

3.      **REDACTED—FILED UNDER SEAL.** The Academy instruction includes training on use of force. **REDACTED—FILED UNDER SEAL.**

4.      In my role described above I am also aware of the fact that the City and County of San Francisco is committed by the City Charter to investigate citizen complaints against police officers through an independent watchdog agency. The Office of Citizen Complaints ("OCC") is charged with investigating citizen complaints concerning the conduct of on-duty police officers. Each complaint received by the OCC is fully investigated by a staff of trained investigators. Complaints of misconduct are not in and of themselves proof that such misconduct was committed. Complaints themselves may be meritless, frivolous, mistaken, or otherwise without legal or factual basis. Where a complaint is investigated and substantiated, the OCC will make a finding sustaining such complaint, and refer the officer for discipline. The officer may contest that finding through a Department or Police Commission hearing process.

5.      I have reviewed the OCC records concerning any and all complaints against Officer Serna for unnecessary use of force filed with the OCC. **REDACTED—FILED UNDER SEAL.** During that period of time Officer Serna was stationed as a patrolman at either Mission Station, Northern Station, the Tenderloin Task Force, or Central Station. **REDACTED—FILED UNDER SEAL.**

6.      In addition to the investigation and possible discipline into citizen complaints, the San Francisco Police Department has a long standing written policy that complaints of misconduct be taken seriously and that such complaints be systematically reviewed in order to learn of officer behavior or patterns that need to be addressed. The policy is contained in the Department General Order 3.19 (Counseling of Members/Early Warning System) and 5.01(N) (Reporting and Investigating Use of Force), which addresses San Francisco Police officers who receive complaints of *excessive* force. (The Department has recently implemented an updated "Early Intervention System" (2/07) that replaces the "Early Warning System.") The Early Warning System policy dictates the

Department's handling and response to officers who fall within its guidelines. The policy identifies officers with a pattern of misconduct and requires an elevated course of counseling and training for those officers who meet certain criteria within the policy. Officers who receive three or more complaints of excessive force within a six-month period come within the criteria of the Early Warning System, as do officers who receive four or more complaints of excessive force within a 12-month period. The policy is attached hereto as Exhibit "B."

7.  **REDACTED—FILED UNDER SEAL.**

8.  I declare under penalty of perjury under the laws of the United States that the preceding declaration is true, and that this declaration was executed on August 29, 2008, at San Francisco, California.

           s/*Lt. Daniel Mahoney*
           LIEUTENANT DANIEL J. MAHONEY