EXHIBIT A

TO

DECLARATION OF LT. DANIEL J. MAHONEY IN SUPPORT OF
DEFENDANTS REPLY TO OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar # 152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863
6  Facsimile:    (415) 554-3837
   E-Mail:       sean.connolly@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO, ET AL.

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11 | ESTHER HWANG,                          | Case No. C07-02718 MMC
12 |            Plaintiff,                  | **NOTICE OF MANUAL FILING OF EXHIBIT A TO DECLARATION OF LT. DANIEL J. MAHONEY IN SUPPORT OF DEFENDANTS REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**
13 |     vs.                                |
14 | CITY AND COUNTY OF SAN FRANCISCO, ET AL.|
15 |            Defendants.                 |
16 |                                        | Hearing Date:  September 12, 2008
   |                                        | Time:          9:00 a.m.
17 |                                        | Place:         Judge Maxine M. Chesney,
   |                                        |                Courtroom 7, 19th Floor,
18 |                                        |                San Francisco, CA
19 |                                        | Trial Date:    October 27, 2008

MANUAL FILING NOTIFICATION

Regarding: EXHIBIT A TO DECLARATION OF LT. DANIEL J. MAHONEY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT:

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

[_] Voluminous Document (PDF file size larger than the efiling system allows)

[_] Unable to Scan Documents

[_] Physical Object (description): _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[X] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description):

Dated: August 29, 2008

                DENNIS J. HERRERA
                City Attorney
                JOANNE HOEPER
                Chief Trial Deputy


By:    s/Sean F. Connolly
      SEAN F. CONNOLLY
      Deputy City Attorney

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

NOTICE OF FILING UNDER SEAL EXHIBIT A TO DECL. MAHONEY; CASE NO. C07-02718 MMC    2    n:\lit\li2007\071511\00506407.doc

# EXHIBIT B

## TO

### DECLARATION OF LT. DANIEL J. MAHONEY IN SUPPORT OF DEFENDANTS REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| San Francisco Police Department<br>**GENERAL ORDER** | **3.19**<br>Rev. 10/01/97<br>Eff. 10/15/97 |

# COMPLAINT EARLY WARNING SYSTEM

## I. POLICY

A. **MISCONDUCT COMPLAINTS.** It is the policy of the San Francisco Police Department that misconduct complaints will be taken seriously. It is the responsibility of commanding officers to systematically review complaints in order to be aware of behavior patterns which may need to be addressed to improve the efficiency of individual members and the Department as a whole.

B. **EARLY WARNING SYSTEM.** The Early Warning System (EWS) is being established to identify and evaluate the behavior of members who have received three (3) or more complaints within a six (6) month period, or four (4) or more complaints within a year. Complaints filed with the Management Control Division will also be considered if they reflect a pattern of similar behavior as alleged in the OCC complaints.

C. **COUNSELING/PERFORMANCE REVIEW.** The Early Warning System involves counseling by supervisory officers which is non-punitive and separate from the complaint investigation process. The fact that a member is counseled regarding multiple complaints does not imply that these complaints have been or will be sustained.

## II. PROCEDURES

A. **WEEKLY MORNING REPORT.** Every week, the Office of Citizen Complaints will create a Weekly Morning Report identifying members who have received one or more complaints. Copies of complaints of members listed in the Morning Report will be forwarded to the members' commanding officer for review.

B. QUARTERLY REPORT

1. OCC PROCEDURES. Every three (3) months, the Office of Citizen Complaints will compile a Quarterly Report which shall include a list of officers who have received

DGO 3.19
Rev. 10/01/97
Eff. 10/15/97

    three (3) or more complaints within a six (6) month period, or four (4) or more complaints within a year. The report shall be forwarded to the Commanding Officer of the Management Control Division and to the Police Commission. For purposes of any second or third referral under this order, no complaint that was filed more than two years prior to the current quarter shall be counted or included in the OCC's Quarterly Report.

  2. MCD PROCEDURES. Upon receipt of the Quarterly Report, the Commanding Officer of the Management Control Division will prepare a memorandum to the Chief of Police identifying members who fall within the provisions of this program. A copy of the memorandum shall be sent to the member's deputy chief and commander, if applicable. Another copy shall also be sent to the member and to the member's commanding officer along with copies of the complaint forms (SFPD 293).

C. DUTIES OF COMMANDING OFFICERS AND SUPERVISORY OFFICERS

  1. INITIAL REFERRAL-PERFORMANCE REVIEW. Commanding officers shall review Quarterly Reports with the member's supervisor. If the member has received three (3) or more complaints within a six (6) month period, or four (4) or more complaints within a year, the supervisor shall conduct a performance review with the officer and note the occurrence of the review in the member's PIP folder at Section II - Record of Entry. Commanding officers shall, within fourteen (14) days of receipt of a referral notice for a member of that command, make and transmit a memorandum to the Management Control Division certifying that all required performance reviews have been completed.

  2. SECOND REFERRAL-PERFORMANCE REVIEW SESSION. A second performance review session shall be held with any officer who has had one review but receives one or more additional complaints. This session shall be conducted by both the member's supervisor and commanding officer within fourteen (14) days of the referral from Management Control.

    a. When conducting this second performance review session, commanding officers and supervisors shall review Quarterly Reports along with the member's complaint history for the last five years.

    b. The member, the member's commanding officer and the member's supervisor shall jointly develop, in the course of this performance review session, a performance improvement plan in order to reduce or eliminate behaviors on the part of the member that may contribute to unnecessary conflict with the public.

DGO 3.19
Rev. 10/01/97
Eff. 10/15/97

The plan shall be agreed to by the member and signed by the member, the supervisor and the commanding officer. The original of the plan shall be placed in the member's PIP folder. Any member subject to a second referral, who refuses to assist in the development of a performance improvement plan or declines to sign the plan, shall be immediately referred to a counseling panel.

c. If the member's complaint history indicates similar conduct, as reported in the Quarterly Reports, a behavior pattern may be evident. If the member's PIP file documents any prior corrective action or failed performance improvement plans, the matter shall be immediately referred to a counseling panel (see 3. below) so that a comprehensive plan can be developed to correct the behavior.

3. THIRD AND SUBSEQUENT REFERRALS- COUNSELING SESSION/COUNSELING PANEL. Whenever a third counseling session is warranted, the matter will be examined by a counseling panel composed of the member's supervisor, commanding officer, deputy chief or commander, and the Commanding Officer of the Management Control Division. The panel will review the member's complaint history and recommend a course of action in writing to the Chief of Police. Upon the Chief's approval the action plan shall be included in the member's PIP folder.

D. PROCEDURES

1. PERFORMANCE REVIEW DEFINED. A performance review, for purposes of this order, is defined as an informal examination of all aspects of a member's work performance with emphasis on the manner in which the member performs job tasks and how that manner may contribute to citizen complaints.

2. PERFORMANCE IMPROVEMENT PLAN. A written performance improvement plan, agreed upon by the member, the reviewing supervisor and the member's commanding officer, is designed to reduce or eliminate identified behaviors that contribute to unnecessary conflicts in citizen contacts. A performance improvement plan must describe the behaviors to be addressed, actions designed to change those behaviors, measures to enable both the member and supervisor to gauge progress and a time-line for reaching the objective of changing, moderating or eliminating the behavior(s). The plan, once agreed to by member and supervisor, shall be placed in the member's PIP folder. Once the time period of the plan has expired, the supervisor shall write a memorandum to the member's commanding officer describing the outcome of the The plan and recommending further action, if warranted. Completed performance improvement plans shall be retained in the member's PIP folder for six months after completion and then forwarded to the Personnel Section for filing.

DGO 3.19
Rev. 10/01/97
Eff. 10/15/97

3. COUNSELING DEFINED. For the purposes of this order, personnel counseling is defined as a process in which a command or supervisory officer meets with a member in a non-punitive setting to discuss the member's performance. Counseling sessions employ techniques designed to reinforce good performance, improve poor performance, and correct behaviors that precipitate or contribute to complaints. The counseling defined in this order is intended to be a positive tool to assist officers in reaching a higher level of effectiveness. Supervisors are encouraged to use counseling sessions to help improve communication with officers.

4. INFORMATION/DISCIPLINE. Command and supervisory officers are encouraged to initiate performance reviews and counseling sessions with members of their commands whenever they deem it appropriate. Information developed in counseling sessions may not be used in any future disciplinary proceedings and shall not be considered as discipline; however, the fact that a counseling session took place may be considered. Counseling sessions should be recorded in the member's PIP binder (or personnel file) after the member has been given an opportunity to review and sign the documentation.

5. PIP BINDERS (See PIP, A Supervisor's Guide, DM-06). Supervising officers are required to review citizen complaints as they are received, notify the involved member that a complaint has been filed against him or her, and file the complaint in the member's PIP binder.

6. BEHAVIOR FACTORS. When conducting a performance review or a counseling session, the following should be considered:

   a. Regardless whether or not the complaints have been investigated or sustained, is there a behavior pattern that may be causing this complaint?

   b. How does the complaint history of the member compare with other members in similar assignments?

   c. Can complaints be reduced by simply informing the member of Department policies and procedures?

   d. Can better interpersonal skills be developed?

   e. Can formal or informal training correct the problem?

DGO 3.19
Rev. 10/01/97
Eff. 10/15/97

    f. Are the details of the complaints and the allegations so different as to suggest that there is no improper behavior pattern?

    g. Is there any other relevant information about the member or the circumstances that contributes to the number of complaints?

    h. Is there a common thread of conduct in separate complaints that seems to point to a personality trait that may be contributing to the frequency of complaints?

    I. In addition to the other options provided in this order, supervisors may make referrals to the Employee Assistance Program or other intervention programs available to Department members (see DGO 11.09, Employee Assistance Program/Stress Unit).

E. UNFOUNDED COMPLAINTS. Unfounded complaints shall not be counted or included in OCC Quarterly Reports.

F. OVERSIGHT OF THE EARLY WARNING SYSTEM. Each deputy chief is responsible for ensuring that his or her subordinates adhere to the provisions of this order. If the deputy chief determines that a supervisor has not complied with the requirements of this order, the supervisor, and the supervisor's commanding officer will be subject to disciplinary proceedings. In addition, the commanding officer may be required to prepare a plan to bring the unit into compliance.

---

References
DGO 1.04, Duties of Sergeants
DGO 1.06, Duties of Superior Officers
DGO 11.09, Employee Assistance Program/Stress Unit
*PIP, A Supervisor's Guide*, DM-06