JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200          Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
        bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESTHER HWANG,

                    Plaintiff,

            vs.

CITY AND COUNTY OF SAN FRANCISCO,
a municipal corporation; HEATHER FONG, in
her capacity as Chief of Police for the CITY
AND COUNTY OF SAN FRANCISCO; JESSE
SERNA, individually, and in his capacity as a
police officer for the CITY AND COUNTY OF
SAN FRANCISCO; NELSON ARTIGA,
individually and in his capacity as a police
officer for the CITY AND COUNTY OF SAN
FRANCISCO; and, San Francisco police officers
DOES 1-25, inclusive,

                    Defendants.
_____/

Case No.  C 07 2718 MCC

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' OBJECTIONS TO
EVIDENCE OFFERED IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT**

**Time: 9:00 a.m.
Date: September 12, 2008
Courtroom 7, 19th Floor**

Honorable Maxine M. Chesney

        Plaintiff opposes Defendants' Objections and Motion to strike evidence from Plaintiff's

Opposition to Defendants' Motion for Summary Judgment:

1.    <u>Statements made by the party defendants in Exhibit E, the police report of the May 12, 2007 subject-incident, are admissible evidence.</u>

Defendants object to the admissibility of statements made in the San Francisco Police Department report of the subject-incident of May 12, 2007 on the basis of relevancy, hearsay, authentication and foundation.

Defendants' objection is moot. Statements made by Defendant Officers SERNA and ARTIGA are admissions by party opponents pursuant to FRE 801(d)(2), and are represented in the police report to be truthful statements.  The statements by SERNA and ARTIGA pertain to the arrest and use of force against Plaintiff. In fact, the statements describe the incident in question and the use of force applied as alleged by the two named Defendant Officers.  There is no appearance of any undue prejudicial effect of the party admissions, and Defendants identify no specific prejudicial effect.  The document is signed by the Defendants. The document is identified as a true and correct copy in the declaration of Benjamin Nisenbaum.

2.    <u>Statements made by Defendant Officer SERNA in Exhibit I, the police report of the October 29, 2006, arrest of and use of force against Marco Maestrini are admissible evidence.</u>

Exhibit I is a true and correct copy of the police report pertaining to the arrest and use of force of Marco Maestrini. It is signed and adopted as a truthful statement by Defendant Officer SERNA.  It is therefore an admission by a party opponent, contained in a document prepared by that party-opponent.  It is relevant to Defendant CITY's notice of prior wrongdoing by Defendant Officer SERNA, including excessive force and fabrication to cover up the excessive force and falsely justify an arrest made without probable cause.  The evidence supports Plaintiff's *Monell* claim against Defendant CITY.  Exhibit I is also admissible under FRE 404(b), to show Defendant Officer SERNA's intent and knowledge regarding how to falsify a police report in order to justify excessive force and false arrest or arrests without probable cause (including the common claim of "intoxication" as to the victims of the officer's use of force).

3.    <u>Exhibits H, P, J, K, L, M, N, Q, and O are all relevant to Plaintiff's *Monell* cause of action to prove that Defendant CITY was on notice of prior excessive force and false arrest by Defendant Officer SERNA.</u>

Each of these exhibits is a true and correct copy of public records maintained by this Court. The exhibits are not offered to prove the truth of the matter asserted. Instead, they are offered to show that Defendant CITY was on notice of prior acts of alleged excessive force and arrest without probable cause and false arrest, by Defendant Officer SERNA, yet left him on the street to continue to harm people.  This relates directly to Plaintiff's *Monell* claim against Defendant CITY.

The records submitted are true and correct copies of public records available on this Court's Electronic Case Filing section of its web site.  The documents are identified as such by the blue ink notations at the top of each page, identifying the case number, document number, date of filing, and page number of the document.

4.    Exhibit M is admissible since it contains appropriate lay witness testimony.

Under FRE 701, a lay witness may testify in the form of an opinion limited to those opinions or inferences which are rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of FRE 702.

Essentially, Mr. Buchwald testified to facts that he witnessed:  That Ms. HWANG did not appear intoxicated, and that the officers appeared to be using force that was inappropriate in his view. This testimony does not require any specialized knowledge, and certainly not the type of knowledge contemplated by FRE 702.  A witness' background and experience is relevant to the credibility of the witness's testimony, which in this case is whether Mr. Buchwald has experience in observing people who appear to be intoxicated (he does), his experience in using force to overcome resistance (extensive), and, primarily, the fact that he did not observe Plaintiff take any action that indicated any attack or argument with the officers before she was attacked by police.  These are all matters within Mr. Buchwald's personal knowledge.  He is a percipient witness to the use of force.  His testimony as to whether force was used appropriately is based on his observations of Plaintiff and any level of resistance offered by Plaintiff.

To be clear, Mr. Buchwald is not testifying about use of force as a seizure under the Fourth Amendment, or whether it was reasonable under the Fourth Amendment. His testimony is more along the lines of whether the officers appeared to overreact to any potential threat presented by Ms.

HWANG, a description of how the force was used and his experience with similar use of force, as personally observed by Mr. Buchwald, and whether Ms. HWANG took the actions alleged by the Defendants.

<div style="margin-left:40%">

Respectfully submitted,

Dated:  September 4, 2008                    **The Law Offices of John L. Burris**


/S/ Benjamin Nisenbaum
Ben Nisenbaum
Attorney for Plaintiff

</div>