DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar # 152235
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3863
Facsimile:     (415) 554-3837
E-Mail:          sean.connolly@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER HWANG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ET AL.<br><br>　　　　Defendants. | Case No. C07-02718 MMC<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY TO OBJECTIONS TO EVIDENCE; ALTERNATIVELY, DEFENDANTS' REQUEST FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S UNAUTHORIZED FILING**<br><br>Hearing Date:　Sept. 12, 2008<br>Time:　　　　　9:00 AM<br>Place:　　　　　No. 7<br><br>Trial Date:　　　Oct. 27. 2008 |

## INTRODUCTION

On July 25, 2008 defendants filed their motion for partial summary judgment. On August 22, 2008, plaintiff filed her opposition. On August 29, 2008, defendants timely filed their reply, objections to plaintiff's evidence, and an administrative motion requesting leave to file a declaration under seal. Pursuant to local rule 7-3(d) no other papers were to be filed.

However, on September 5, 2008, plaintiff filed an unauthorized surreply (misleadingly entitled titled "opposition") to defendants' objections to evidence.  Plaintiff did not seek leave of the court as required by local rule.  Furthermore, plaintiff's "opposition" is a wholesale attempt to argue the objections and insert other improper arguments in the long frowned upon tradition of an unauthorized "surreply."

Because plaintiff's "opposition" is improper, because it is a misleading attempt to reargue issues raised in the initial opposition, and because plaintiff failed to seek the court's permission first, it should be stricken.  Alternatively, defendants request leave of the court to file a response to the filing.

## ARGUMENT
### Plaintiff's Second "Opposition" (or Surreply) Was Unauthorized and Therefore Should Be Stricken.

The Northern District Civil Local Rules permit the parties to a motion to file *only* an opposition (by the non-moving party), a reply (by the moving party) and, if applicable, a notice of recent judicial decisions decided after the opposition or reply were filed.  *See* Civil Local Rule 7-3.  "Otherwise, once a reply is filed, **no additional memoranda, papers or letters may be filed without prior Court approval.**"  (Civ. L.R. 7-3(d) [emphasis added].)  The Court has authority to strike any pleading that is filed without leave of court in violation of its rules.

This very Court has discouraged exactly the same tactic used here by plaintiff in the past.  In *Powell v. Fidelity National,* 2003 WL 22134854 (N.D. Cal. 2003)(MMC), plaintiff submitted a "Request to File Objection and Objection" to defendants' reply brief.  Civil Local Rule 7-3(d) provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior court approval."  Civ. L.R. 7-3(d).  The Honorable Judge Chesney found plaintiff's "Objection" to be "unhelpful and unnecessary" (page 3), denied Powell's request that it be filed, and ordered that the unauthorized pleading be "STRICKEN from the

1. record" (*Id.* at 3)(emphasis in original).  The Court should do the same with respect to
2. plaintiffs' veiled attempt to improperly argue issues.
3.      Other courts also discourage this practice.  *Cleveland v. Porca Co.,* 38 F.3d 289, 297
4. (7th Cir. 1994)  In *Cleveland*, plaintiff there did precisely the same thing as plaintiff here: he
5. filed an unauthorized response to defendants reply on a summary judgment motion, without
6. seeking leave of the court.  The court stated:

> The Local Rules provide for three briefs: an initial brief, a response to that brief, and a reply brief [citations omitted].  They do not provide for the filing of a response to a reply brief. [citations omitted].  And it is within the district court's discretion to strike an unauthorized filing. [citations omitted]. The plaintiffs claim that the district court abused its discretion because the "response to the reply brief" was a filing necessary to respond to new issues the defendants raised in their reply briefs.  If that was the case, however, the proper response was a motion to strike the offending portions of the reply brief or to seek leave to file a response to the reply brief. [citations omitted]. The plaintiffs followed neither course.  Under these circumstances, it was not an abuse of discretion to strike the unauthorized filings. *Id.*

     Plaintiff's tactic is clearly unauthorized and discouraged.  Her "opposition to objections" should be stricken, or in the alternative, defendants should be given leave to respond.

Dated:  September 5, 2008

                    DENNIS J. HERRERA
                    City Attorney
                    JOANNE HOEPER
                    Chief Trial Deputy
                    SEAN F. CONNOLLY
                    Deputy City Attorney

                    By:   /s/
                    SEAN F. CONNOLLY
                    Attorneys for Defendants
                    CITY AND COUNTY OF SAN FRANCISCO, et al.