United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER HWANG,<br><br>      Plaintiff,<br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>      Defendants | No. C-07-2718 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

      Before the Court is the "Motion for Summary Judgment and/or Partial Summary Judgment," filed July 25, 2008 by defendants City and County of San Francisco ("the City"), Heather Fong ("Fong"), Jesse Serna ("Serna"), and Nelson Artiga ("Artiga"). Plaintiff Esther Hwang ("Hwang") has filed opposition, to which defendants have replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

---

[1] Filing concurrently with their reply, defendants filed "Objections to Incompetent Evidence Used in Support of Opposition to Motion for Summary Judgment." Thereafter, Hwang filed "Opposition to Defendants' Objections," to which defendants responded by filing a motion to strike said filing on the ground it was filed in violation of Civil Local Rule 7-3(d). Because Hwang did not seek, let alone obtain, permission to file a document after the filing of the reply, Hwang's "Opposition to Defendants' Objections" is hereby STRICKEN. See Civil L.R. 7-3(d). The Court notes, however, that consideration thereof would not change the result of the instant order to the extent it grants in part defendants' motion.

[2] By order filed September 10, 2008, the Court took the matter under submission.

**A. First Cause of Action**

In the First Cause of Action, Hwang alleges that Serna and Artiga deprived Hwang of her Fourth Amendment rights, in violation of 42 U.S.C. § 1983, by arresting Hwang without probable cause and, further, by using excessive force during the course of the arrest.

Defendants argue Serna and Artiga had probable cause to believe that Hwang, on the evening of May 12, 2007, was intoxicated in a public place to such a degree that she was unable to care for herself, in violation of § 647(f) of the California Penal Code, as evidenced by her threatening to jaywalk into a busy street, and, further, that once Artiga began to arrest Hwang, she committed a battery, in violation of § 243 of the California Penal Code, by intentionally stomping on Artiga's feet. (See Artiga Decl. ¶¶ 3-10.) If the trier of fact were to find the facts set forth in Artiga's declaration to be true, the arrest would be legally justified. Hwang, however, has directly contradicted Artiga's statements, by testifying that she was not intoxicated and gave no indication she was going to jaywalk, and, further, that once the officers began to arrest her, she did nothing to resist. (See Hwang Dep. at 182-83, 186-205.)[3] Accordingly, a triable issue of fact exists as to whether defendants had probable cause to arrest Hwang.

To the extent the First Cause of Action is based on a claim that Serna and Artiga used excessive force to effectuate the arrest, Hwang has offered sufficient evidence to support such claim, specifically, that, even though she did nothing to resist, Serna grabbed Hwang's left hand and forced it behind her, grabbed her hair and "yanked it really hard," and pushed her to the cement sidewalk in such a manner that her breasts were exposed, (see Hwang Dep. at 195-203; Buchwald Dep. at 60-61),[4] and that Artiga, after Serna had pushed Hwang to the sidewalk, pushed Hwang back up and began "throwing [her] around,"

---

[3] Excerpts from the Hwang deposition are attached as Exhibit A to the Declaration of Benjamin Nisenbaum and as Exhibit B to the Declaration of Sean F. Connolly.

[4] Excerpts from the deposition of Mirko Buchwald are attached as Exhibit D to the Declaration of Benjamin Nisenbaum.

2

(see Hwang Dep. at 204). Although defendants offer evidence that the arresting officers "at all times acted professionally," (see Artiga Decl. ¶ 11), that Hwang resisted the arrest by stomping on Artiga's feet, (see id. ¶ 10), and by continuing to "struggle with [Serna]" and "trying to get away," (see Ainsworth Dep. at 31:1-14),[5] a dispute of fact again exists, in this instance both as to the amount of force in fact used during the course of the arrest and whether it was reasonable to employ such force.

Further, if a trier of fact were to find Hwang's version of the facts to be true, a reasonable conclusion could be drawn that "it would be clear to a reasonable officer that arresting [Hwang] was unlawful for lack of probable cause," and, accordingly, defendants have not shown that, as a matter of law, they are entitled to qualified immunity as to Hwang's claim based on an unlawful arrest. See Torres v. City of Los Angeles, — F. 3d —, 2008 WL 3905411, at *10 (9th Cir. 2008) (holding where trier of fact could find "reasonable officers would not have acted as [arresting officers] did," officers "not entitled to qualified immunity as a matter of law").[6]

Finally, the Court is not persuaded by defendants' argument that plaintiff's evidence should be disregarded on the ground it is "blatantly contradicted by the record." (See Defs.' Reply at 1:4.) The instant case presents a classic example of disputed facts requiring a determination of each witness's credibility.[7] See McGinest v. GTE Service Corp., 360 F. 3d 1103, 1112 (9th Cir. 2004) (holding "it is axiomatic that disputes about

---

[5] Excerpts from the deposition of Eugene Ainsworth are attached as Exhibit G to the Declaration of Benjamin Nisenbaum and as Exhibit D to the Declaration of Sean F. Connolly.

[6] Defendants do not expressly argue that Serna and Artiga are entitled to qualified immunity on Hwang's claim that said defendants used excessive force during the course of the arrest. To the extent such contention is implicit in defendants' motion, the Court finds that if a trier of fact were to credit Hwang's version of the facts, a reasonable conclusion could be drawn that reasonable officers would not have believed they could have employed the amount of force Serna and Artiga employed. See id.

[7] The facts set forth in Artiga's declaration are corroborated, at least in part, by other witnesses, while the facts to which Hwang testified are also corroborated, at least in part, by other witnesses. In any event, "[t]he weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it." See Ninth Circuit Manual of Model Jury Instructions, Instr. No. 1.11.

material facts and credibility determinations must be resolved at trial, not on summary judgment"); cf. Scott v. Harris, 127 S. Ct. 1769, 1775-76 (2007) (holding plaintiff could not create triable issue of fact, where plaintiff's factual assertion was directly contrary to videotape of events at issue and plaintiff did not dispute accuracy of tape).

Accordingly, defendants have failed to show that Artiga and Serna are entitled to summary judgment on the First Cause of Action.

## B. Municipal Liability Federal Claim

In the Second Cause of Action, Hwang alleges that the City and Fong, in Fong's "official capacity" as Chief of Police, "approved, ratified, condoned, encouraged, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations," in violation of 42 U.S.C. § 1983.  (See First Amended Compl. ("FAC") ¶¶ 4, 33.) In the Third Cause of Action, Hwang alleges that the City and Fong, again in her "official capacity," have a "custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens," in violation of 42 U.S.C. § 1983.  (See FAC ¶ 38.)[8]

In their motion, defendants argue that Hwang's municipal liability claim is "generic and lack[s] specificity," (see Defs.' Mot. at 13:17), and that, in any event, Hwang has failed to develop any evidence to support a finding that the City has any unconstitutional custom or policy.  In her opposition, Hwang identifies the asserted practice or policy as "authorizing or permitting abusive, explosive, excessive-force using, demeaning . . . behavior by its police officers, particular Defendant Officer Serna," (see Pl.'s Opp. at 21:8-12), offers evidence to support a finding that the City is aware of an "extensive history of complaints"

//

---

[8] In their respective papers, the parties discuss the Second and Third Causes of Action together and treat such causes of action as alleging a municipal liability claim. Because Fong is sued only in her official capacity, the Court agrees that said causes of action are properly treated as a single municipal liability claim.  See Monell v. Dep't of Social Services, 436 U.S. 658, 690 n.55 (1978) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.").

4

against Serna pertaining to excessive force, (see Nisenbaum Decl. Exs. H-I, O, P, Q),[9] and asserts that defendants have produced "no evidence" of "any investigation or discipline" against Serna,[10] (see Pl.'s Opp. at 22:24-27). With their reply, defendants offer evidence that they argue establishes they did investigate the complaints made against Serna and did take appropriate measures in light of the results of such inquiry. (See Mahoney Decl.)

Because plaintiff has not had the opportunity to respond to the newly-offered evidence submitted by defendants, the Court will defer ruling on whether summary judgment is appropriate as to the Second and Third Causes of Action until plaintiff has had such opportunity.

**C. Section 51.7 Claim**

In the Seventh Cause of Action, Hwang alleges that the conduct of Serna and Artiga was "motivated by racial prejudice against [Hwang]," who is "readily recognizable as Asian-American," and, consequently, Serna and Artiga violated Hwang's right under § 51.7 of the California Civil Code "to be free from violence, or intimidation by threat of violence, committed against her because of her race." (See FAC ¶ 57.)

Defendants argue they are entitled to summary judgment because Hwang lacks evidence to establish that Serna and/or Artiga took any action by reason of racial prejudice. In opposition, Hwang fails to identify any such evidence. Instead, Hwang relies on evidence that Serna and Artiga, during the execution of the arrest and application of force, yelled that Hwang was a "fucking cunt," (see Hwang Dep. at 195-96, 200; Flores Dep. at

//
//

---

[9] The cited exhibits are copies of civil lawsuits and other documents offered by Hwang to demonstrate the City had notice of Serna's use of excessive force against individuals other than Hwang. Defendants' objection to such evidence on hearsay grounds is overruled, as Hwang offers such evidence to establish the City's notice of the allegations contained therein, and not for the truth of any matter asserted by another complainant.

[10] It is unclear whether Hwang, in her opposition, is identifying the specific basis for her municipal liability claim for the first time. Further, it is unclear whether defendants had earlier requested Hwang identify such basis with any specificity.

135-36),[11] and argues a trier of fact could reasonably infer from such statements that Serna and Artiga were motivated by gender discrimination. Section § 51.7, in addition to providing that persons have the right to be free from violence or threat of violence because of race, also provides that persons have the right to be free from violence or threat thereof because of gender. See Cal. Civil Code §§ 51.7(a), 51(b). As noted above, however, Hwang has not alleged a § 51.7(a) claim based on her gender, but, rather, has alleged a § 51.7(a) claim based solely on her race.

Accordingly, defendants have shown that Serna and Artiga are entitled to summary judgment on the Seventh Cause of Action.

**D. Other State Law Claims**

In the Fourth Cause of Action, Hwang alleges a claim of assault and battery. In the Fifth Cause of Action, Hwang alleges a claim of false imprisonment. In the Sixth Cause of Action, Hwang alleges a claim of intentional infliction of emotional distress ("IIED"). In the Eighth Cause of Action, Hwang alleges a violation of § 52.1 of the California Civil Code, which prohibits a person from interfering "by threats, intimidation, or coercion . . . with the exercise" of a constitutional right. See Cal. Civil Code § 52.1(a). In the Ninth Cause of Action, Hwang alleges a claim of negligence.[12]

To the extent defendants argue they are entitled to summary judgment on the above-referenced state law claims by reason of an asserted lack of dispute that the arrest was lawful and without excessive force, the Court, for the reasons stated above, finds defendants are not entitled to summary judgment.

//
//
//

---

[11] Excerpts from the deposition of Nathan Flores are attached as Exhibit F to the Declaration of Benjamin Nisenbaum and as Exhibit C to the Declaration of Sean F. Connolly.

[12] Each of the remaining state law claims is brought against Serna and Artiga only, with the exception that the negligence claim is additionally brought against the City.

To the extent defendants argue that the IIED, § 52.1, and negligence claims are barred by § 821.6 of the California Government Code, the Court disagrees. Section 821.6, which provides that a public employee is not liable for an injury caused by his "instituting or prosecuting any judicial or administrative proceeding . . . even if he acts maliciously and without probable cause," see Cal. Gov't Code § 821.6, is inapplicable to claims based on "tortious conduct [that] occurred during an arrest," see Blankenhorn v. City of Orange, 485 F. 3d 463, 488 (9th Cir. 2007) (holding IIED and negligence claims not barred by § 821.6, where claims were "based on acts that allegedly happened during [an] arrest").

To the extent defendants argue they are entitled to summary judgment on the IIED claim for the reason Hwang lacks evidence that she experienced severe emotional distress, the Court disagrees. In particular, Hwang testified that shortly after the arrest, she went into "shock" and had a "massive anxiety attack." (See Hwang Dep. at 240-41.) "Severe," for purposes of an IIED claim, "means substantial or enduring as distinguished from trivial or transitory." See Fletcher v. Western Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 394 (1970). Although Hwang has not submitted evidence indicating her emotional distress persisted for any particular length of time, a trier of fact could reasonably find that a "massive anxiety attack" is a substantial, as opposed to trivial, reaction to being arrested without probable cause and being subjected to excessive force in connection therewith. See Miller v. Fairchild Industries, Inc., 797 F. 2d 727, 737 (9th Cir. 1986) (holding "fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, or worry" are "reactions" that satisfy California's requirement that emotional distress, for purposes of IIED claim, be "severe").

Finally, to the extent defendants argue they are entitled to summary judgment on the § 52.1 claim for the reason Hwang lacks evidence to show that any deprivation of her rights was accompanied by "threats, intimidation, or coercion," see Cal. Civil Code § 52.1(a), the Court disagrees. Defendants, relying on, inter alia, Jones v. Kmart Corp., 17 Cal. 4th 329 (1998), argue § 52.1 does not apply in the absence of evidence defendants' use of force was employed as a means of violating a right other than the right to be secure

in one's person against unreasonable seizures. Jones, however, is distinguishable. In Jones, the California Supreme Court addressed the question of whether a plaintiff can recover under § 52.1 against a private party for a violation of the Fourth Amendment in the absence of a violation of a constitutional right by a state actor, and found, because a constitutional violation can only be committed by a state actor, such separate conduct on the part of a state actor was necessary. In Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004), by contrast, the California Supreme Court addressed the question of whether § 52.1 is applicable where the alleged violation was an "unreasonable detention, search, and seizure," see id. at 827, by a state actor, and found the plaintiffs could proceed with such claim, see id. at 706-08;[13] see also Bates v. Arata, 2008 WL 820578, at *26 (N.D. Cal. 2008) (interpreting Jones as "implicitly recognizing a [§ 52.1] claim against a state actor based on a Fourth Amendment violation" based on excessive force; finding plaintiffs stated § 52.1 claim predicated on allegation defendants used excessive force against plaintiffs while they were in pretrial detention). Here, as noted, Hwang has offered evidence sufficient to support a finding that Serna and Artiga violated her right to be free from arrest without probable cause, and that such violation was "accompanied by" the use of excessive force. See Jones, 17 Cal. 4th at 334.

Accordingly, defendants have failed to show they are entitled to summary judgment on the Fourth, Fifth, Sixth, Eighth, and Ninth Causes of Action.

**E. Punitive Damages**

The FAC includes a prayer for punitive damages against Serna and Artiga. (See FAC, prayer ¶ 3.) Defendants argue Hwang lacks evidence to prove that Serna and/or Artiga engaged in any conduct that would warrant an award of punitive damages.

//

---

[13] The specific issue presented in Venegas was whether plaintiffs additionally needed to show defendant acted with discriminatory animus, i.e., committed a "hate crime." See id. at 706. Nevertheless, there is no indication in Venegas that § 52.1 cannot be violated by conduct constituting both the unlawful arrest and unlawful use of coercive force in connection therewith.

8

For purposes of Hwang's federal claims against Serna and Artiga, the trier of fact could award Hwang punitive damages upon a showing that such defendants engaged in "malicious, wanton, or oppressive acts."  See Dang v. Cross, 422 F. 3d 800, 807 (9th Cir. 2005).  For purposes of Hwang's state law claims against Serna and Artiga, the trier of fact could award Hwang punitive damages upon a showing that such defendants engaged in "oppression, fraud, or malice."  See Cal. Civil Code § 3294(b).

An act is "oppressive" if "done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse of abuse of authority or power."  See Dang, 422 F. 3d at 809; see also Cal. Civ. Code § 3294(c)(2) (defining "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights").  Here, if the trier of fact credited Hwang's evidence, the trier of fact could reasonably find, based on the circumstances attending the arrest, and, in particular, the use of force and epithets, that Serna and Artiga engaged in oppressive acts.

Accordingly, defendants have failed to show Serna and Artiga are entitled to summary judgment as to Hwang's claim for punitive damages.

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment is hereby GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

1. To the extent defendants seek summary judgment on the Seventh Cause of Action, the motion is GRANTED.

2. To the extent defendants seek summary judgment on the First, Fourth, Fifth, Sixth, Eighth, and Ninth Causes of Action, and on Hwang's claim for punitive damages, the motion is DENIED.

3. To the extent defendants seek summary judgment on the Second and Third Causes of Action, the Court DEFERS ruling on the motion.  Hwang is afforded leave to file, no later than September 23, 2008, supplemental opposition, not to exceed five pages in length, exclusive of exhibits, limited to the issue of whether defendants conducted

investigations into charges made against Serna and took appropriate measures in response thereto. As of September 23, 2008, the deferred portion of defendants' motion will be taken under submission, unless the parties are otherwise informed.

**IT IS SO ORDERED.**

Dated: September 15, 2008

                                                  MAXINE M. CHESNEY
                                                  United States District Judge