United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESTHER HWANG,

            Plaintiff,

   v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

            Defendants

_____/

No. C-07-2718 MMC

**ORDER DENYING DEFERRED PORTION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; ORDER BIFURCATING TRIAL OF MUNICIPAL LIABILITY CLAIM; DIRECTIONS TO PARTIES**

By order filed September 15, 2008, the Court denied defendants' motion for summary judgment to the extent defendants sought summary judgment on plaintiff's federal claims against officers Jesse Serna ("Serna"), and Nelson Artiga ("Artiga") and on plaintiff's state law claims.  By said order, the Court deferred ruling on defendants' motion to the extent defendants sought summary judgment as to plaintiff's federal claim for municipal liability, in order to afford plaintiff the opportunity to file a supplemental opposition in response to new evidence offered in support of defendants' reply.[1]  Having read and considered the papers filed in support of and in opposition to the deferred portion of defendants' motion, the Court rules as follows.

---

[1]As set forth in the Court's September 15, 2008 order, although both the Second and Third Causes of Action each allege a federal claim for municipal liability, the parties discuss the Second and Third Causes of Action together and treat such causes of action as alleging a single municipal liability claim.

1    In its September 15, 2008 order, the Court found triable issues of fact exist as to

2  whether defendants Serna and Artiga arrested plaintiff without probable cause and as to

3  whether said defendants used excessive force while making such arrest.  Plaintiff's federal

4  municipal liability claim is based on the theory that the City and County of San Francisco

5  ("City") is liable to plaintiff because the City was aware, prior to the incident involving

6  plaintiff, that multiple complaints of excessive force had been made against Serna, and that

7  the City had not investigated such claims and/or had not disciplined Serna, or, alternatively,

8  that the City's investigation of and/or imposition of discipline on Serna was of an insufficient

9  nature.

10   A claim that a municipality was "deliberately indifferent to the possibility that its

11  police officers were wont to use excessive force" is cognizable under 42 U.S.C. § 1983,

12  and can be established by evidence the municipality was aware that complaints of

13  excessive force against its officers had been made and that such complaints were "met

14  with indifference for their truth."  See Fiacco v. Rensselaer, 783 F. 2d 319, 326, 328 (2nd

15  Cir. 1986) (affirming judgment on jury verdict against city, where jury could have

16  reasonably inferred from evidence that city's "response to complaints of use of excessive

17  force by City police officers was uninterested and superficial").  As stated by one appellate

18  court, "deliberate indifference may be inferred if the complaints are followed by no

19  meaningful attempt on the part of the municipality to investigate or to forestall further

20  incidents."  See Vann v. New York, 72 F. 3d 1040, 1049 (2nd Cir. 1995).

21   Here, defendants, in their moving papers, argue plaintiff has not "developed any

22  evidence during discovery that would substantiate" plaintiff's municipal liability claim.  (See

23  Defs.' Mot. at 13:23-24.)  Defendants do not, however, point to any deficiency in the

24  record, whether in the form of a deficient response by plaintiff to a discovery request or

25  otherwise.  Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 319-20, 326-27 (1986) (holding

26  moving party met initial burden by submitting plaintiff's answer to interrogatory in which she

27  failed to identify any witness that could support essential element on which plaintiff had

28  burden of proof at trial).  As the Ninth Circuit has held, although a party without the burden

2

1   of proof at trial may meet its initial burden on summary judgment "by showing – that is,

2   pointing out to the district court – that there is an absence of evidence to support the

3   nonmoving party's case," the moving party may not "use a summary judgment motion as a

4   substitute for discovery."  See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F. 3d 1099,

5   1105 (9th Cir. 2000) (internal quotation and citation omitted).  Consequently, "[a] moving

6   party may not require the nonmoving party to produce evidence supporting its claim or

7   defense simply by saying that the nonmoving party has no such evidence."  See id.  Here,

8   defendants have, in essence, simply said plaintiff lacks evidence to prove a claim of

9   municipal liability; consequently, defendants have failed to meet their initial burden on

10  summary judgment, to the extent their motion is based on an asserted lack of evidence on

11  plaintiff's part.

12          As an alternative basis for summary judgment, a party without the burden of proof at

13  trial can meet its initial burden on summary judgment by "produc[ing] evidence negating an

14  essential element of the nonmoving party's case."  See id. at 1106.  Here, defendants, in

15  support of their reply, offer a declaration that, defendants argue, is sufficient to establish

16  that the City adequately investigated any "unnecessary force" complaints filed against

17  Serna with the Office of Citizens Complaint ("OCC"), and that the City took appropriate

18  measures in light of the results of such inquiry.  (See Mahoney Decl.)  As plaintiff points out

19  in her supplemental opposition, however, the declaration on which defendants rely is

20  insufficient to negate, as a matter of law, a showing that the City's investigation and

21  responsive measures demonstrate deliberate indifference on the part of the City.  In

22  particular, defendants fail to explain, in any detail, the nature of the complaints submitted to

23  the OCC, the nature of the investigation(s) into such complaints, and the nature of the

24  discipline imposed.  Further, although defendants offer evidence, undisputed by plaintiff,

25  that the OCC sustained only a small fraction of such complaints, such showing, in and of

26  itself, is not sufficient to foreclose, as a matter of law, plaintiff's ability to establish deliberate

27  indifference.  See, e.g., Fiacco, 783 F. 2d at 328 (holding "fact that none of the claims [of

28  excessive force] had yet been adjudicated in favor of the claimant was not material; if the

3

1   City's efforts to evaluate the claims were so superficial as to suggest that its official attitude

2   was one of indifference to the truth of the claim, such an attitude would bespeak an

3   indifference to the rights asserted in those claims").  Consequently, to the extent

4   defendants base their motion for summary judgment on their affirmative showing,

5   defendants again have failed to meet their initial burden.  See Adickes v. S.H. Kress & Co.,

6   398 U.S. 144, 157 (1970) (holding, with respect to claim defendant and  third party

7   conspired to deprive plaintiff of civil rights, defendant seeking summary judgment "did not

8   carry its burden because of its failure to foreclose the possibility" plaintiff could demonstrate

9   existence of conspiracy).[2]

10       In sum, defendants have failed to show they are entitled to summary judgment on

11  plaintiff's federal claim against the City.

12       The remaining question is whether all of plaintiff's claims should be tried together to

13  a single jury.  The length of time it would take to present evidence pertaining to plaintiff's

14  federal claims against the individual officers, as well as to present plaintiff's state law

15  claims, would appear to be relatively short, given the essentially brief nature of the

16  encounter on which the federal claims against such individual defendants, and the state law

17  claims, are based, and the limited number of witnesses thereto.  Plaintiff's federal claim

18  against the City, by contrast, will require an evaluation of a potentially large body of

19  evidence concerning events and witnesses almost exclusively separate and distinct from

20  those implicated by plaintiff's other claims.  See, e.g., Fiacco, 783 F. 2d at 329-31 (setting

21  forth types of evidence presented therein on federal municipal liability claim).  Further,

22  because the great majority of the evidence relevant to the federal claim against the City will

23  not be relevant to the claims against the individual defendants, submission of such

24  evidence is likely to be unfairly prejudicial to such individual defendants, and, in particular,

25

26  [2]It remains to be seen whether plaintiff has any evidence to support a finding that the
    City's investigation and/or disciplinary decisions were so devoid of substance that they
27  could support a finding of deliberate indifference, and all discovery deadlines have now
    passed.  Nevertheless, because defendants did not meet their initial burden, plaintiff is not,
28  at the present time, "required to come forward with suitable opposing affidavits."  See id. at
    160.

to defendant Artiga.  Moreover, if plaintiff is unable to establish her claim of excessive

force, plaintiff's municipal liability claim would be foreclosed.  <u>See</u> <u>City of Los Angeles v.</u>

<u>Heller</u>, 475 U.S. 796, 799 (1986) (holding plaintiff not entitled to "award of damages against

a municipal corporation based on the actions of one of its officers when in fact the jury has

concluded that the officer inflicted no constitutional harm").

      Accordingly, the Court, "in the interest not only of convenience and judicial economy

but also the avoidance of potential prejudice and confusion," finds it appropriate, pursuant

to Rule 42(b) of the Federal Rules of Civil Procedure, to bifurcate the trial such that the

federal claims against the defendant officers, as well as the state law claims, will be tried

prior to and separately from the federal claim against the City.  <u>See</u> <u>Quintanilla v. City of</u>

<u>Downey</u>, 84 F. 3d 353, 356 (9th Cir. 1996) (setting forth standard for bifurcation).

## CONCLUSION

For the reasons stated above:

1.  Defendants' motion for summary judgment, to the extent the Court deferred ruling

thereon, is hereby DENIED;

2.  Trial of the instant claims is hereby ordered BIFURCATED, such that plaintiff's

federal claims against defendants Serna and Artiga, as well as plaintiff's state law claims,

will be conducted in advance of and separately from the federal claim against the City; and

3.  The parties are hereby DIRECTED to include in their Joint Pretrial Statement, a

joint proposal or, if necessary, separate proposals, on the timing of the trial on the federal

claim against the City.

**IT IS SO ORDERED.**

Dated:  September 30, 2008

MAXINE M. CHESNEY
United States District Judge

5